**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE, | CASE NO. _____ |
| Plaintiff, | |
| v. | |
| UNITED STATES POSTAL SERVICE; | |
| and | |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | |
| Defendants | |

**O R D E R**

AND NOW, this _____ day of _____, 20___, upon consideration of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1.      Plaintiff is permitted to file the Complaint so that the caption reflects the pseudonym, "John Doe";

2.      The parties shall file any and all pleadings and other documents with the Court using the pseudonym, "John Doe," and/or shall redact any pleadings and other documents filed of Plaintiff's name;

3.      Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any amendment thereto.

BY THE COURT:

_____

, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE,<br><br>                              Plaintiff,<br><br>        v.<br><br>UNITED STATES POSTAL SERVICE;<br><br>and<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>                              Defendants | CASE NO. _____ |

## <u>MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY</u>

Plaintiff hereby submits and files the instant Motion to Proceed Anonymously, and

incorporates by reference all of the arguments contained in the accompanying Brief, and

Plaintiff's Declaration, which are attached hereto, as if the same were more fully set forth herein.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the

instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "John Doe";

and permit Plaintiff to redact his home address from the Complaint.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED:  <u>12/13/2019</u>        BY:    <u>*/s/ Justin F. Robinette ,Esquire*</u>
                                                  **JUSTIN F. ROBINETTE, ESQUIRE**
                                                  Two Penn Center
                                                  1500 JFK Boulevard, Suite 1240
                                                  Philadelphia, PA 19102

Tel:  (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff, John Doe*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| JOHN DOE,<br><br>                              Plaintiff,<br><br>          v.<br><br>UNITED STATES POSTAL SERVICE;<br><br>and<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>                              Defendants |

CASE NO. _____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff hereby submits and files the instant Brief in Support of the Plaintiff's Motion to

Proceed Anonymously, and hereby states as follows:

**I.       MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.      QUESTION PRESENTED:**

1.       Should Plaintiff be permitted to proceed with a pseudonym and redact his home address from the Complaint because Plaintiff has kept his HIV-positive status sufficiently confidential to justify anonymity, and there is a likelihood Plaintiff will face possible stigma or retribution if this information is publicized with this lawsuit?

Suggested Answer:  **YES.**

**III.     STATEMENT OF FACTS:**

Plaintiff seeks to proceed under the pseudonym, "John Doe," in Plaintiff's Complaint.

Plaintiff's Declaration in support of the instant Motion to Proceed Anonymously is attached

hereto as Exhibit "A."  A copy of the Complaint, for this Court's review, is attached hereto as Exhibit "B."

By way of brief background, Plaintiff identifies in the Complaint as an "HIV-positive gay man."  See Pltf.'s Compl., at Ex. "B," at para. 10.  Plaintiff alleges that he was subjected to a hostile work environment/harassment, and ultimately terminated from public employment as a Letter Carrier, by the United States Postal Service ("USPS"), after nearly thirteen (13) years, on account of Plaintiff's sexual orientation and HIV status.  See id. at para. 9, 60.  Plaintiff alleges specifically that he was harassed and discharged from employment on account of sex, gender stereotyping, sexual orientation, and his HIV status, in violation of the Fifth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, and Section 501 of the Rehabilitation Act, as Plaintiff was a public employee.  See id.

Plaintiff alleges, in no uncertain terms, that he was subjected to "bias and hate" at the hands of Defendant's co-employees and supervisors, during Plaintiff's nearly thirteen (13) year tenure with the Postal Service.  See id. at para. 27.  Among Plaintiff's allegations, Plaintiff has identified instances where he was subjected to derogatory slurs because he is an "HIV-positive gay man," including, for example, being called a "sick f-ggot"; he was physically grabbed by a supervisor; and he was threatened by an employee who stated, "I'll stick my foot up your a--." See id. at 10-15, 15(c), 86, 97.

Plaintiff has further described, in the Declaration attached to this Motion, that Plaintiff has taken sufficient steps to keep his HIV status private from the public except for those who Plaintiff believes have a need to know, or whom Plaintiff can trust, like a partner.  See Declaration attached hereto as Exhibit "A," paragraphs 1-3.  Plaintiff alleges that his HIV status was revealed inadvertently in the workplace which Plaintiff believes to be part of the impetus for

his mistreatment.  <u>See</u> Ex. "A," at para. 3.  Plaintiff does allege that he told the EEO counselor and staff about his HIV status as well in order to exhaust administrative remedies in this case. <u>See id.</u> at para. 4.  Plaintiff's HIV status is otherwise a closely-guarded secret.

With the instant Motion, Plaintiff seeks the Court's permission to proceed with a pseudonym and to redact Plaintiff's home address from the Complaint.  However, out of an abundance of caution, Plaintiff is also filing the instant Complaint under pseudonym on this same date.

## IV.   <u>LEGAL ARGUMENT:</u>

A party may proceed under a pseudonym in a lawsuit when there is a fear of social stigma resulting from disclosure of the party's sexual orientation or HIV status.  <u>See</u> <u>Doe v. Megless</u>, 654 F.3d 404, 408-09 (3d Cir. 2011); <u>see also</u> <u>Doe v. Borough of Morrisville</u>, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In <u>Doe v. Megless</u>, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in <u>Doe v. Borough of Morrisville</u>, <u>supra.</u>, for its holding that cases involving a litigant's sexual orientation or HIV status were generally appropriate for pseudonyms.  <u>Megless</u>, 654 F.3d at 408-09 (citing <u>Doe v. Borough of Morrisville</u>, 130 F.R.D. at 614)).

The Third Circuit in <u>Doe v. Megless</u> explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation."  <u>Megless</u>, 654 F.3d at 408-09.  More specifically, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  <u>Megless</u>, 654 F.3d 404, 408 (citing <u>Doe v. Kamehameha</u>

Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)); see also Doe v. United

Servs. Life Ins. Co., 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

> **A.      Plaintiff Has Kept His HIV-Positive Status Sufficiently Confidential To Justify Anonymity.**

When deciding whether a litigant can proceed anonymously in a lawsuit, the court should

consider first "the extent to which the identity of the litigant has been kept confidential." Doe v.

Megless, 654 F.3d 404, 409 (3d Cir. 2011); see also Doe v. Megless, No. 10-1008, 2010 U.S. Dist.

LEXIS 79098 at *7-8 (E.D. Pa. Aug. 5, 2010) (lower-court decision) and F.B. V. E. Stroudsburg Univ.,

No. 09-525, 2009 U.S. Dist. LEXIS 57370 at *8 (M.D. Pa. July 7, 2009)).

Additionally, two (2) federal cases decided in the Eastern District of Pennsylvania and one (1)

from the District of New Jersey – Doe v. United Behavioral Health, No. 10-5192, 2010 WL 5173206

(E.D. Pa. Dec. 10, 2010); Doe v. Provident Life and Accident Insurance Company, 176 F.R.D. 464

(E.D. Pa. 1997); and Doe v. Hartford Life & Accident Insurance Company, 237 F.R.D. 545 (D.N.J.

2006) – are instructive.

For example, in Doe v. United Behavioral Health, No. 10-5192, 2010 WL 5173206 (E.D. Pa.

Dec. 10, 2010), the court considered the fact that the plaintiff's condition – a mental health condition –

was kept "confidential from all but her closest friends, family and treating physicians." Doe v. United

Behavioral Servs., No. 10-5192, 2010 WL 5173206 at *2 (E.D. Pa. Dec. 10, 2010).  Moreover, in Doe

v. Provident Life and Accident Insurance Company, 176 F.R.D. 464 (E.D. Pa. 1997), the court

considered the fact that the plaintiff "only revealed to [the plaintiff's] immediate family, medical

providers and [the plaintiff's] counsel that [the plaintiff] is suffering from mental illnesses which have

allegedly disabled [the plaintiff]."  Doe v. Provident Life and Acc Ins. Co., 176 F.R.D. 464, 468 (E.D.

Pa. 1997).  And, in Doe v. Hartford Life & Accident Insurance Company, 237 F.R.D. 545 (D.N.J.

2006), the court considered the fact that the plaintiff "only revealed [the plaintiff's] condition to a few

close friends, family, and medical providers." <u>Doe v. Hartford Life & Acc. Ins. Co.</u>, 237 F.R.D. 545, 550 (D.N.J. 2006).

More specifically, in this case, Plaintiff described, in his Declaration attached hereto, as follows:

1.  I keep my HIV-positive status private and closely guarded.

2.  I have told only my current partner, my ex-partner, my counsel in this case, and medical providers so that I can manage my condition.

3.  I recollect that I have not specifically revealed my HIV-positive status to friends or family.

4.  My HIV status was inadvertently disclosed to the Postal Service, during my employment there, as I described in the Complaint, because I had to submit a medical record to them which inadvertently, on the side of the document, revealed that I am HIV-positive. However, I kept my HIV-positive status generally private at work.

5.  I disclosed that I am HIV-positive for purposes of the Postal Service's EEO process because I was explaining the discriminatory treatment I faced, and was attempting to exhaust administrative remedies per the advice of my counsel.

6.  There may be additional individuals who know about my status, whom I could be missing, but I do not recollect sharing this information with anyone else, at this time.

<u>See</u> Plaintiff's Declaration, at Exhibit "A," paragraphs 1-5 (Plaintiff's name and signature have been redacted).

As Plaintiff's Declaration makes clear, Plaintiff has an interest in maintaining his HIV status as a closely-guarded secret. Plaintiff has demonstrated that he has taken sufficient steps to keep his HIV status private from others except for, more or less, on a need-to-know basis, in Plaintiff's mind. <u>See</u>

Declaration attached hereto as Exhibit "A," paragraphs 1-3.  While Plaintiff does allege that his HIV status was revealed inadvertently in the workplace, see Ex. "A," at para. 3, Plaintiff did regret that his HIV status was revealed in this manner, and Plaintiff believes that he was subjected to discrimination on account of the disclosure thereafter.  Plaintiff does allege that he also told an EEO counselor and staff about his HIV status in order to exhaust administrative remedies in this case.   See id. at para. 4. Plaintiff otherwise took sufficient steps to keep the fact that he was in a relationship with someone who is HIV-positive private from the general public.  For these reasons, the fact that Plaintiff kept his HIV status sufficiently confidential, and given Plaintiff's interest in maintaining the privacy surrounding his HIV status, this clearly weighs in favor of granting anonymity in the instant case.

**B.      Plaintiff Faces a Possible Risk of Stigma, Violence, or Retribution If Plaintiff's HIV Status Is Disclosed In This Lawsuit Beyond An Extent To Which He Is Comfortable.**

As the Third Circuit explained in Doe, the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor allowing anonymity.  Megless, 654 F.3d at 409.

In a recent decision of the Eastern District of Pennsylvania, Doe v. Parx Casino, No. 18-5289, ECF No. 4, (E.D. Pa. 2018) (Slomsky, J.), the Honorable Joel H. Slomsky permitted a lesbian, gender non-conforming plaintiff to proceed under a pseudonym, in an alleged sexual-orientation discrimination case, although in that case the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint. See Doe v. Parx Casino, No. 18-5289, ECF No. 4, (E.D. Pa. 2018) (Slomsky, J.), at p. 2, a copy of which is attached hereto as Exhibit "C."  Instead, the plaintiff in Doe v. Parx Casino alleged that she "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation."  See id.  Although the defendant-employer in Doe v. Parx

Casino did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint.  See Doe v. Parx Casino, No. 18-5289, ECF No. 3, at p. 3 (E.D. Pa. 2018).  Nevertheless, the court in Doe v. Parx Casino considered the Megless list of factors to be a "non-exhaustive list," and therefore "not comprehensive."  Doe v. Parx Casino, No. 18-5289, ECF No. 4, (E.D. Pa. 2018) (Slomsky, J.), at pp. 2-3.  Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only *one* factor in the list of non-exhaustive Megless factors.

Judge Slomsky ruled in Doe v. Parx Casino that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that proceeding anonymously will result in further threats, violence, and retribution."  See id. at p. 3.  This was independent of the question of confidentiality, which the plaintiff in Doe v. Parx Casino could not satisfy because she admitted she was discriminated against because she was openly lesbian or out.

Furthermore, in a recent decision, in Doe v. The Gardens for Memory Care at Easton – a recent decision involving a transgender employee in the Lehigh Valley alleging wrongful termination and hostile work environment – the Honorable Wendy Beetlestone permitted the transgender plaintiff to use a pseudonym, in part, based on evidence *not* of physical violence, but simply based on the fact that the "[p]laintiff sets forth a litany of comments and actions at work which she alleges were directed at her transgender status and which support the workplace discrimination claims she makes."  See Doe v. The Gardens for Memory Care at Easton, Case No. 18-4027, at p. 2, para. 5., a copy of which is attached hereto as Ex. "D."  In Doe v. The

Gardens for Memory Care at Easton, the court ruled that, in addition to the weight of statistical and anecdotal evidence of anti-transgender violence and discrimination which the plaintiff had set forth in that case, the workplace harassment actually faced by the plaintiff in that case also factored into the court's decision to grant anonymity.  See also Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.) (permitting a transgender employee to proceed anonymously in an employment discrimination case, further questioning the multi-factor balancing test for anonymity, and noting that, "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously").

In the instant case, similar to Doe v. Parx Casino and Doe v. The Gardens for Memory Care at Easton, Plaintiff has a fear of severe harm that is reasonable in part due to the discriminatory conduct to which Plaintiff was subjected at work.  More specifically, Plaintiff alleges numerous instances of harassment which allegedly occurred at Plaintiff's workplace, on account of Plaintiff's sexual orientation or HIV status.  See Ex. "B," at para. 10-15.  Plaintiff alleges, for example, being called a "sick f-ggot," and Plaintiff is an HIV-positive gay man; he was physically grabbed by a supervisor; and he was threatened by an employee who stated, "I'll stick my foot up your a--."  See id. at 10-15, 15(c), 86, 97.

Furthermore, statistically speaking, it has been well-recognized that individuals living with HIV/AIDS are subjected to high rates of stigma and discrimination on this basis if their status is disclosed.[1]  In terms of discrimination on account of actual and/or perceived sexual orientation, as well as other protected categories, there has also been a rise in hate speech, and

---

[1] "HIV Stigma and Discrimination," Avert [https://www.avert.org/professionals/hiv-social-issues/stigma-discrimination] (Last Updated Oct. 10, 2019) (Last Accessed Dec. 13, 2019).

hate crimes, in the Philadelphia region recently.[2]  The Morris Home for Hope, an LGBTQ-specific homeless shelter, appears to have been "firebombed" in a hate crime attack last year, on June 23, 2018.[3]  Less than one (1) year prior, in July 2017, residents of the same shelter reported being attacked by a group of individuals using a paintball gun.[4]  The LGBT Center of Central Pennsylvania had its windows smashed in 2017.[5]  Generally speaking, statistics confirm that violence, including fatal violence, against LGBTQ+ people is on the rise currently.[6]  The FBI recently released hate crime statistics for 2017 showing what is believed to be an increase in the number of reported hate crimes.[7]   A large percentage of these crimes are directed at transgender women of color.  See id.

---

[2] Boren, Michael, "Since Trump, More Slurs, Signs and Discrimination in Philly," *Philly.com* (August 22, 2017), available at [www.philly.com/philly/news/crime/since-trump-more-slurs-and-discrimination-in-philly-20170822.html?mobi=true] (describing the "LGBT community" among the "most common targets") (Last Accessed Dec. 12, 2019).

[3] Busey, Kelli, "Philly transgender group home firebombed in hate crime attack," *Planet Transgender* (June 29, 2018), available at [http://planettransgender.com/philly-transgender-group-home-fire-bombed/?cn-reloaded=1] (Last Accessed Dec. 12, 2019).

[4] Nieves, Alicia, "Police:  Transgender People Shot In Paintball Attacks," *CBS Philly* (July 7, 2017), available at [https://philadelphia.cbslocal.com/2017/07/07/philadelphia-police-investigating-series-of-paintball-attacks/] (Last Accessed Dec. 12, 2019).

[5] Avery, Dan, "Windows Smashed At Central Pennsylvania LGBT Center," *Logo News/NewNowNext* (January 6, 2017), available at [www.newnownext.com/lgbt-center-windows-harrisburg/01/2017/] (Last Accessed Dec. 12, 2019).

[6] See Marzullo and Libman, Human Rights Campaign, "Research Overview:  Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people] (Last Accessed Dec. 12, 2019); Haeyoun Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0] (Last Accessed Dec. 12, 2019); Prakash, Nidhi, "This Report Says More LGBT People Were Killed So Far in 2017 Than in All of 2016," *Buzzfeed News* (August 10, 2017), available at [www.buzzfeed.com/nidhiprakash/lgbt-deaths-mid-2017?utm_term=.ls000lgVL#.nuMBBORP7] (Last Accessed Dec. 12, 2019).

[7] Dashow, Jordan, "New FBI Statistics Show Alarming Increase in Number of Reported Hate Crimes," *Human Rights Campaign* (November 13, 2018) [www.hrc.org/blog/new-fbi-statistics-show-alarming-increase-in-number-of-reported-hate-crimes] (Last Accessed Dec. 12, 2019).

The circumstances described in the instant Motion are sufficient to justify anonymity similar to the circumstances in <u>Doe v. Parx Casino</u> and <u>Doe v. The Gardens for Memory Care at Easton</u>, <u>supra</u>. There is a possibility that Plaintiff might face intimidation or retaliation if Plaintiff moves forward with his real name and address in this lawsuit.  Plaintiff respectfully requests that this Honorable Court therefore permit him to adopt a pseudonym moving forward.

> **C.**      **The Public Interest In Maintaining The Confidentiality of Plaintiff's Identity.**

According to <u>Megless</u>, when deciding the issue of anonymity a court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ." <u>Megless</u>, 654 F.3d at 409.  Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]" in a case, then this weighs in favor of permitting anonymity.  <u>Id.</u>  Consideration of the public interest here also leans toward confidentiality, and in favor of Plaintiff.  As Plaintiff is not a public figure, there is not a particularly strong interest in revealing his identity.  <u>See</u> <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. 464, 468 (E.D. Pa. 1997).

> **D.**      **Plaintiff Seeks To Keep Only A Limited Amount of Information Confidential.**

Plaintiff only seeks to keep a limited amount of information private.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity."  <u>See</u> <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. 464, 468 (E.D. Pa. 1997).  In the instant case, Plaintiff is agreeable to conducting depositions and trial with his actual name used.  Plaintiff is also not requesting that this case be sealed. The public will know everything about this case from court submissions, except the Plaintiff's name and address.  Plaintiff therefore respectfully requests that he be permitted to keep his name and address private in court filings.

**E.**     **Plaintiff Formally Files This Motion Under Local Rule 5.1.5, If Required.**

Under Local Rule of Civil Procedure 5.1.5, "[a] document in a civil action may be filed under seal only if . . . the Court orders the document sealed."  Loc. Civ. R. 5.1.5(a)(1).  Local Rule 5.1.2 further provides that a "motion to file documents under seal may be filed electronically . . ." and "[t]he order of the court authorizing the filing of documents under seal may be filed electronically . . . ."  Loc. Civ. R. 5.1.2(7).

Plaintiff is not seeking to have this case sealed.  However, since Plaintiff seeks to proceed under a pseudonym, and to redact his address from the Complaint, out of an abundance of caution, Plaintiff therefore submits and files this Motion formally under Local Rule of Civil Procedure 5.1.5.  A copy of the Complaint that Plaintiff has filed, using the name "John Doe" and redacting Plaintiff's address, is attached hereto as Exhibit "B" for this Court's review.

**V.**     **CONCLUSION:**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "John Doe"; and permit Plaintiff to redact his address from the Complaint.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 12/13/2019          BY:    */s/ Justin F. Robinette ,Esquire*
                                  **JUSTIN F. ROBINETTE, ESQUIRE**
                                  Two Penn Center
                                  1500 JFK Boulevard, Suite 1240
                                  Philadelphia, PA 19102
                                  Tel:  (215) 944-6121
                                  Fax: (215) 944-6124
                                  E-mail: JustinR@ericshore.com

                                  *Attorney for Plaintiff, John Doe*

11

# EXHIBIT "A"

## DECLARATION OF ▮▮▮▮▮▮▮

Plaintiff in the action herein, ▮▮▮▮▮, who wishes to proceed under the pseudonym, "John Doe," hereby supplies the Court with the following Declaration in Support of the Plaintiff's Motion to Proceed Anonymously, and states as follows:

1.   I keep my HIV-positive status private and closely guarded.

2.   I have told only my current partner, my ex-partner, my counsel in this case, and medical providers so that I can manage my condition.

3.   I recollect that I have not specifically revealed my HIV-positive status to friends or family.

4.   My HIV status was inadvertently disclosed to the Postal Service, during my employment there, as I described in the Complaint, because I had to submit a medical record to them which inadvertently, on the side of the document, revealed that I am HIV-positive. However, I kept my HIV-positive status generally private at work.

5.   I disclosed that I am HIV-positive for purposes of the Postal Service's EEO process because I was explaining the discriminatory treatment I faced, and was attempting to exhaust administrative remedies per the advice of my counsel.

6.   There may be additional individuals who know about my status, whom I could be missing, but I do not recollect sharing this information with anyone else, at this time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of December, 2019

DATE: 12/12/2019        BY: ▮▮▮▮▮▮▮▮▮▮▮▮▮

# EXHIBIT "B"

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| John Doe<br>Coplay, PA 18037 | United States Postal Service and Megan J.Brennan, Postmaster General, United States Postal Service<br>1000 Postal Road Side, Allentown PA 18109 |

| **(b)**  County of Residence of First Listed Plaintiff   Lehigh | County of Residence of First Listed Defendant   Lehigh |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Justin F. Robinette , THE LAW OFFICES OF ERIC A. SHORE<br>2 Penn Center, 1500 JFK Blvd Suite 1240, Philadelphia, PA 19102<br>(215) 944-6121 | Attorneys *(If Known)*<br>Megan E. Medina, Esquire, United States Postal Service<br>7300 Lindbergh Boulevard, Room 807<br>Philadelphia, PA 19153.  Tel: (215) 351-3827 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
  Plaintiff

☒ 3  Federal Question
  *(U.S. Government Not a Party)*

☐ 2  U.S. Government
  Defendant

☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
  Proceeding

☐ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  Another District
  *(specify)*

☐ 6 Multidistrict
  Litigation -
  Transfer

☐ 8 Multidistrict
  Litigation -
  Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. (Title VII) and 29 U.S.C. § 791, et seq. (Section 501 of the Rehabilitation Act of 1973)
Brief description of cause:
Wrongful Termination and Harassment/Hostile Work Environment

## VII.  REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐No

## VIII.  RELATED CASE(S)
## IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/13/2019

SIGNATURE OF ATTORNEY OF RECORD
*Justin F. Robinette*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____[REDACTED], Coplay, PA 18037_____

Address of Defendant: _____1000 Postal Road Side, Allentown PA 18109_____

Place of Accident, Incident or Transaction: _____1000 Postal Road Side, Allentown PA 18109_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☑
previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☐   No ☑
pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☑
numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☑
case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/13/2019__   _____   PA 319829
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**    *Federal Question Cases:*        **B.**    *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts     ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA     ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury     ☐ 3. Assault, Defamation
☐ 4. Antitrust     ☐ 4. Marine Personal Injury
☐ 5. Patent     ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations     ☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Civil Rights     ☐ 7. Products Liability
☐ 8. Habeas Corpus     ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases     ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases          *(Please specify):* _____
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Justin F. Robinette_____, counsel of record *or* pro se plaintiff, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: __12/13/19__   _____   PA 319829
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| John Doe | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
| United States Postal Service and Megan J.Brennan, | : |  |
| Postmaster General, United States Postal Service | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 12/13/19 | Justin F. Robinette | John Doe |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 944-6121 | (215) 944-6124 | justinr@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN DOE,

                          Plaintiff,

       v.

UNITED STATES POSTAL SERVICE;

and

MEGAN J. BRENNAN, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE,

                        Defendants

CASE NO. _____

## <u>COMPLAINT</u>

### <u>PARTIES</u>

1.       Plaintiff, John Doe (hereinafter, "Doe"), is an adult individual who resides at

█████████████████████████████, in Coplay, Pennsylvania.

2.       Defendant, United States Postal Service ("USPS"), employed Plaintiff for twelve

(12) – going on thirteen (13) – years, as a Letter Carrier, at the Allentown-Postal Road Branch of

USPS, located at 1000 Postal Road Side, Allentown, PA 18109.  This Defendant operates a

headquarters, principal place of business, and/or registered office address at 475 L'Enfant Plaza

SW, Washington, DC 20260-1100.  This Defendant was considered Doe's employer at all times

relevant hereto.

3.       Defendant, Megan J. Brennan, is the Postmaster General of the United States

Postal Service ("USPS"), which employed Plaintiff.  This Defendant operates a headquarters,

principal place of business, and/or registered office address at 475 L'Enfant Plaza SW,

Washington, DC 20260-1100.  This Defendant was considered Doe's employer at all times relevant hereto.  This Defendant is sued in their individual and official capacity.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over Doe's claims pursuant to 28 U.S.C. § 1331 because the claims present a federal question.

5.      This Court has jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Company v. State of Washington, 326 U.S. 310 (1945), and its progeny.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants reside in and/or conducts business in this judicial district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## COUNT I:
## WRONGFUL DISCHARGE/TERMINATION BASED ON SEXUAL ORIENTATION IN VIOLATION OF EQUAL PROTECTION UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan, Postmaster General, United States Postal Service)

7.      All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

8.      Courts interpret the Fifth Amendment to the United States' Constitution as imposing on the United States, including the Defendants, the same principles of equal protection established in the Fourteenth Amendment.  See Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 213-18 (1995).

9.      Doe was employed by the United States Postal Service ("USPS") as a Letter Carrier since 2007 for just over twelve (12) years.  At the time of his wrongful discharge/termination, Doe was one (1) year away from the date at which he would have been eligible for early retirement.

10.      Doe identifies as an HIV-positive gay man.

11.      A current employee of the USPS, Mr. John Bond, more specifically, a current employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of derogatory statements made by management and co-employees that referred to Doe's sexual orientation, to wit:

> a.      Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.
>
> b.      Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things like, "Stinky is a homo," referring to Doe;
>
> c.      Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by name.
>
> d.      Mr. Lorenz further stated, "He's gay, dude," referring to Doe;
>
> e.      Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

12.      USPS employee, John Bond, also informed Doe verbally, in or around August 2019, that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The Wizard of Oz.*

13.      USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding

Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."  See Ex. "A."  Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

14.     USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency.  See Ex. "A."

15.     USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

16.     The following additional incidents were directed at Doe during his employment with Defendants:

a.      Separately from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

b.      Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

e.      Doe recollects that, in or around 2018, but Doe does not recall a specific timeframe, that Zip Zone Supervisor, Ms. Tina Rosado, took Doe aside and stated that there were complaints from other Letter Carriers – Doe believes Mr. Calvin Daly in particular was one of those who complained – that Doe was wearing shorts which were "too short" and "too tight," or words to that effect.  Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, the person and/or persons who complained about Doe were heterosexual and male.

f.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, male Letter Carrier, stated that Doe's "shorts were too tight," or words to that effect, but Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, Mr. Calvin Daly is heterosexual and/or not openly gay.

17.      Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

18.      A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  At the time, Ms. Williams knew Doe is gay.  Any reasonable person would not believe, and no investigation ever conducted by

5

Defendants ever concluded, that Doe – a gay man – put his foot inside of this woman's anal cavity. Doe was completely repulsed by the allegation.

19.     Ms. Williams allegedly changed or shifted the story, after a Notice of Removal was issued to Plaintiff by Defendants, and Ms. Williams stated that Plaintiff "kicked her like a football," or words to that effect, which is untrue.  The two (2) statements from Ms. Williams are inconsistent statements, and she is lying.

20.     Ms. Williams also allegedly changed or shifted the story, after a Notice of Removal was issued to Plaintiff by Defendants, when Ms. Williams stated that Plaintiff aggressively kicked her which is not true, and which Doe denies.  Ms. Williams is lying.

21.     Ms. Williams harbored bias and hate against Doe because of his sexual orientation, and/or on account of gender stereotyping, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, based on sexual orientation and/or gender stereotyping, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

22.     Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it

was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams thought Doe was a "fruitcake."

23.     Originally, on April 20, 2019, Ms. Williams and Doe were initially pulled into the office together, it was decided that no action would be taken at that time, and then both individuals were returned to the floor without any issue.

24.     It took Ms. Williams multiple days – it is believed approximately four (4) to six (6) days – to report Doe to the police.

25.     The alleged incident occurred in June 2019, it took management fifty-three (53) days to issue a Notice of Removal, and forty (40) days to conduct a pre-disciplinary interview ("PDI") or investigative interview with Doe.

26.     Doe was penalized much more harshly and his punishment far exceeds that of other similarly situated employees who are not openly gay, and to whom Doe compares himself, to wit:

a.     Mr. Hophni Masonit, Supervisor/Manager, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner, but was not counseled or disciplined, let alone terminated, for his behavior.

b.     Mr. John Bond, Letter Carrier, established in the text messages attached hereto, that Ms. Lisa Williams would actually "push me hard out of the way because I was in her way" multiple times during Mr. Bond's employment.  Apparently, Ms. Williams was never counseled or disciplined, let alone terminated, for her behavior.

c.     Ms. Qiana Reid, Supervisor/Manager, put her hands on Nancy Toledo, Supervisor, and Ms. Reid was not terminated for her behavior.

d.     Mr. James M., Supervisor/Manager, allegedly poked Mr. John Bond, Letter Carrier, in the eye, in or around October 2001, but, upon information and belief, James M. was not terminated following arbitration.

e.     Mr. Joseph Whitbeck, Letter Carrier, and Vice President of the Local Union, allegedly pushed a supervisor in or around December 2011, and was suspended, but was not terminated, and was permitted to keep his job.

f.     Mr. Norman L., Letter Carrier, allegedly spit on someone, and also allegedly pushed an employee, but was not terminated.

g.     Two (2) female Letter Carriers took a fight outside of the Post Office, to the parking lot of the Post Office, and started fighting including, Doe recollects, pulling each other's hair.  Upon information and belief, the removals of these two (2) individuals were not made effective, but rather, they were permitted to take their cases to arbitration, while Doe was not.

h.     Mr. Warren K., Letter Carrier, allegedly lost his license due to driving under the influence ("DUI"), and was permitted to keep his job.  However, this employee's job duties as a Letter Carrier involved driving a Postal Service-issued vehicle.

i.     Mr. Dennis G., Letter Carrier, was allegedly intoxicated on the job, but was given his job back.

27.     A motivating factor in Doe's discharge was because the supervisors and co-employees of the Allentown-Postal Road Branch, including Ms. Williams, harbored bias or hate against Doe.  The bias or hate harbored against Doe at the Allentown-Postal Road Branch by his supervisors and co-employees, including by Ms. Williams, was motivated by the fact that Doe is gay and/or was perceived to be gay (*i.e.*, a "fruitcake").

8

28.     Ms. Williams brought up the incident against Doe later even though it had already been contemporaneously resolved on the floor without incident because Ms. Williams believed Doe to be a "fruitcake" (*i.e.*, gay and/or perceived to be gay), based on Ms. Williams' bias and hate.

29.     Defendants acceded to Ms. Williams' discriminatory bias and hate by wrongfully terminating Doe based on Ms. Williams' bias and hate.  Ms. Williams gender-stereotyped Doe and had bias and hate against him because he is openly gay and/or was perceived to be gay (*i.e.*, a "fruitcake"), and Doe's termination was motivated by Ms. Williams' bias and hate.

30.     Even though the criminal case against Doe was dismissed and the allegation against him was unfounded, Doe's career, as well as his reputation, have been ruined irreparably.

31.     The harassment and hostility Doe faced on account of his actual and/or perceived sexual orientation, gender, gender stereotyping, and/or sex, caused Doe to suffer humiliation, embarrassment, mental anguish, pain and suffering, severe emotional distress, and forced him to incur medical and other expenses related to the same, to wit:

a.     Doe was prescribed an anti-depressant on August 15, 2019 by a medical office which indicated that this particular office had not prescribed Doe any anti-depressant before this time.  Doe has been forced to incur medical expenses for counseling and psychiatric medications due to Defendants' conduct.

b.     Doe is in a position where he cannot afford the COBRA and does not know how he will be able to pay for the medical expenses for counseling and psychiatric mediations, or the medications needed to manage his HIV, in the future.  Doe has thus far felt the need to forego medical treatment for a cough, and felt the need to forego allergy shots, because Doe felt he could not afford treatment.

c.      Doe's same-sex partner of over twenty-three (23) years has identified that Doe "was a [c]omitted and loyal public servant for U.S.P.S.  His career position meant the world to him.  I have noticed since [Doe] was terminated he is very depressed, and lacks motivation even to get [o]ut of bed, this resulted in significant weight gain.  He has lost interest in daily activities and things he used to enjoy.  His demeanor became zombie like and he rarely smiles."

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants provide a neutral employment reference for Doe; to adopt, post, and disseminate a non-discrimination and anti-harassment policy which is fully LGBT-inclusive in that it covers sexual orientation including specifically as a protected class separate and apart from, as well as in addition to, the definition of sex; to provide appropriate training in non-discrimination and anti-harassment based on sexual orientation, gender identity, and gender expression; and for Defendants to post notice of the verdict in this matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side, Allentown, PA 18109.

**COUNT II:**
**WRONGFUL DISCHARGE/TERMINATION BASED ON SEX, GENDER, AND/OR**
**GENDER STEREOTYPING IN VIOLATION OF EQUAL PROTECTION UNDER THE**
**DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES**
**CONSTITUTION**
**(Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan,**
**Postmaster General, United States Postal Service)**

32.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

33.     A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of

derogatory statements made by management and co-employees that referred to Doe, to wit:

  a.     Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said
         things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

  b.     Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things
         like, "Stinky is a homo," referring to Doe;

  c.     Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by
         name.

  d.     Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

  e.     Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid,
         Manager, "I fucking swear to God I'm gonna get his ass fired," referring
         specifically to terminating Doe's employment.

  See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

34.     USPS employee, John Bond, also informed Doe verbally, in or around August 2019,

that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The*

*Wizard of Oz.*

35.     USPS employee, John Bond, also stated, in the text messages to Doe attached as

Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding

11

Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."  See Ex. "A."  Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

36.     USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency.  See Ex. "A."

37.     USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

38.     The following additional incidents were directed at Doe during his employment with Defendants:

a.      On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

12

b.      Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

e.      Doe recollects that, in or around 2018, but Doe does not recall a specific timeframe, that Zip Zone Supervisor, Ms. Tina Rosado, took Doe aside and stated that there were complaints from other Letter Carriers – Doe believes Mr. Calvin Daly in particular was one of those who complained – that Doe was wearing shorts which were "too short" and "too tight," or words to that effect.  Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, the person and/or persons who complained about Doe were heterosexual and male.

f.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, male Letter Carrier, stated that Doe's "shorts were too tight," or words to that effect, but Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, Mr. Calvin Daly is heterosexual and/or not openly gay.

39.     Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

40.     A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her

13

asshole," or words to that effect, which is fabricated and untrue. At the time, Ms. Williams knew

Doe is gay. Any reasonable person would not believe, and no investigation ever conducted by

Defendants ever concluded, that Doe – a gay man – put his foot inside of this woman's anal cavity.

Doe was completely repulsed by the allegation.

41.     Ms. Williams allegedly changed or shifted the story, after a Notice of Removal was

issued to Plaintiff by Defendants, and Ms. Williams stated that Plaintiff "kicked her like a football,"

or words to that effect, which is untrue. The two (2) statements from Ms. Williams are inconsistent

statements, and she is lying.

42.     Ms. Williams also allegedly changed or shifted the story, after a Notice of Removal

was issued to Plaintiff by Defendants, when Ms. Williams stated that Plaintiff aggressively kicked

her which is not true, and which Doe denies. Ms. Williams is lying.

43.     Ms. Williams harbored bias and hate against Doe because of his sexual orientation,

and/or on account of gender stereotyping, as evidenced by the fact that Mr. Bond, the current USPS

employee and witness identified above, establishes the discriminatory motive, based on sexual

orientation and/or gender stereotyping, in the text messages attached as Exhibit "A" hereto, where

Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was
> casing mail one morning. He was telling me that Lisa Williams walked over to him
> and wanted to switch pivots with him. Mike mention[ed] to her that he appreciated
> her asking him first… not like [Doe] where he would just grab anyone's pivot and
> screw everyone else. Mike then verbalized that Lisa Williams quoted: **'Yeah, I'm so
> glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

44.     Doe was removed from employment by Defendants who informed Doe that "Local

police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment –

Subject other to Physical Contact."  However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams thought Doe was a "fruitcake."

45.     Doe was penalized much more harshly and his punishment far exceeds that of other similarly situated employees who are not openly gay, and to whom Doe compares himself, above.

46.     A motivating factor in Doe's discharge was because the supervisors and co-employees of the Allentown-Postal Road Branch, including Ms. Williams, harbored bias or hate against Doe.  The bias or hate harbored against Doe at the facility by the supervisors and co-employees of the Allentown-Postal Road Branch, including by Ms. Williams, was motivated by the fact that Doe was gender-stereotyped as a "fruitcake," is gay, and/or was perceived to be gay.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants provide a neutral employment reference for Doe; to provide appropriate training in non-discrimination and anti-harassment based on sexual orientation, gender identity, and gender expression; and for Defendants to post notice of the

15

verdict in this matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side,

Allentown, PA 18109.

## COUNT III:
## WRONGFUL DISCHARGE/TERMINATION BASED ON DISABILITY IN VIOLATION OF EQUAL PROTECTION UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan, Postmaster General, United States Postal Service)

47.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

48.     Doe was wrongfully terminated on account of disability; a record of a disability;

and/or because Doe was perceived or regarded as disabled.

49.     Doe is HIV-positive.  HIV substantially limits the major life function of the

immune system.  Doe therefore has a covered disability.

50.     Upon information and belief, Defendants, including Doe's direct

managers/supervisors, had knowledge about and were aware that Doe is HIV-positive.  Doe

recollects that a medical record submitted by Doe to management regarding the range of motion

of Doe's wrist indicated, in the same medical record, that Doe is HIV-positive, and this was

inadvertently shared with management at the time.

51.     A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe text messages, on August 10, 2019, informing Doe of derogatory statements

made by management and co-employees that referred to Doe, including that a fellow Letter Carrier

for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, an HIV-positive

gay man, and Letter Carrier, Ray Lorenz, also said things like, "[Doe] likes to suck big dick,"

referring to Doe by name, and, "He's gay, dude," referring to Doe.

16

52. Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

53. USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal. Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."

54. USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.

55. The following additional incidents were directed at Doe during his employment with Defendants:

a. On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe. Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment. Doe entered the room.

b. Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

17

c.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

56.     Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

57.     A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  At the time, Ms. Williams knew Doe is gay.  Any reasonable person would not believe, and no investigation ever conducted by Defendants ever concluded, that Doe – a gay man – put his foot inside of this woman's anal cavity. Doe was completely repulsed by the allegation.

58.     Ms. Williams harbored bias and hate against Doe, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

18

59.     Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact." ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.*** Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation.

60.     Doe was penalized much more harshly and his punishment far exceeds that of other similarly situated employees who, upon information and belief, are not disabled, and to whom Doe compares himself, above.

61.     A motivating factor in Doe's discharge was because the supervisors and co-employees of the Allentown-Postal Road Branch, including Ms. Williams, harbored bias or hate against Doe. The bias or hate harbored against Doe at the facility by the supervisors and co-employees of the Allentown-Postal Road Branch, including by Ms. Williams, was motivated by the fact that Doe was known to be an HIV-positive gay man.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants provide a neutral employment reference for

19

Doe; and for Defendants to post notice of the verdict in this matter at the Allentown-Postal Road

Branch of the USPS, 1000 Postal Road Side, Allentown, PA 18109.

### COUNT IV:
### HOSTILE WORK ENVIRONMENT/HARASSMENT BASED ON SEXUAL ORIENTATION IN VIOLATION OF EQUAL PROTECTION UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan, Postmaster General, United States Postal Service)

62.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

63.     A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of

derogatory statements made by management and co-employees that referred to Doe, to wit:

  a.    Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

  b.    Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things like, "Stinky is a homo," referring to Doe;

  c.    Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by name.

  d.    Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

  e.    Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

64.     USPS employee, John Bond, also informed Doe verbally, in or around August 2019,

that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The*

*Wizard of Oz.*

20

65.     USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."  See Ex. "A."  Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

66.     USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency.  See Ex. "A."

67.     USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

68.     The following additional incidents were directed at Doe during his employment with Defendants:

a.     On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he

did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

   b.  Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

   c.  Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

   d.  Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

   e.  Doe recollects that, in or around 2018, but Doe does not recall a specific timeframe, that Zip Zone Supervisor, Ms. Tina Rosado, took Doe aside and stated that there were complaints from other Letter Carriers – Doe believes Mr. Calvin Daly in particular was one of those who complained – that Doe was wearing shorts which were "too short" and "too tight," or words to that effect.  Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, the person and/or persons who complained about Doe were heterosexual and male.

   f.  Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, male Letter Carrier, stated that Doe's "shorts were too tight," or words to that effect, but Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, Mr. Calvin Daly is heterosexual and/or not openly gay.

   69.  Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

70.     A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  Doe was completely repulsed by the allegation.

71.     Ms. Williams harbored bias and hate against Doe because of his sexual orientation, and/or on account of gender stereotyping, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, based on sexual orientation and/or gender stereotyping, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

72.     Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams thought Doe was a "fruitcake."

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without

interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be

eligible for retirement without interruption on account of Plaintiff's wrongful

discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any

and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any

promotions Doe would have received; compensatory damages for pain and suffering, mental

anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants provide a neutral employment reference for

Doe; to adopt, post, and disseminate a non-discrimination and anti-harassment policy which is

fully LGBT-inclusive in that it covers sexual orientation including specifically as a protected

class separate and apart from, as well as in addition to, the definition of sex; to provide

appropriate training in non-discrimination and anti-harassment based on sexual orientation,

gender identity, and gender expression; and for Defendants to post notice of the verdict in this

matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side, Allentown,

PA 18109.

## COUNT V:
### HOSTILE WORK ENVIRONMENT/HARASSMENT BASED ON SEX, GENDER, AND/OR GENDER STEREOTYPING IN VIOLATION OF EQUAL PROTECTION UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
**(Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan, <u>Postmaster General, United States Postal Service)</u>**

73.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

74.     A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of

derogatory statements made by management and co-employees that referred to Doe, to wit:

     a.    Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

     b.    Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things like, "Stinky is a homo," referring to Doe;

     c.    Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by name.

     d.    Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

     e.    Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

75.    USPS employee, John Bond, also informed Doe verbally, in or around August 2019,

that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The*

*Wizard of Oz.*

76.    USPS employee, John Bond, also stated, in the text messages to Doe attached as

Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding

Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be

coming back." See Ex. "A."  Doe is believed to be the only openly gay employee, at all times

relevant hereto, at the Allentown-Postal Road Branch.

77.    USPS employee, John Bond, also stated, in the text messages, that he, himself,

experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination

and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to

Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or

tendency.  See Ex. "A."

78.     USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

79.     The following additional incidents were directed at Doe during his employment with Defendants:

a.      On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

b.      Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

e.      Doe recollects that, in or around 2018, but Doe does not recall a specific timeframe, that Zip Zone Supervisor, Ms. Tina Rosado, took Doe aside and stated that there were complaints from other Letter Carriers – Doe believes Mr. Calvin Daly in particular was one of those who complained – that Doe was wearing shorts which were "too short" and "too tight," or words to that effect.  Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, the person and/or persons who complained about Doe were heterosexual and male.

f.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, male Letter Carrier, stated that Doe's "shorts were too tight," or words to that effect, but Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, Mr. Calvin Daly is heterosexual and/or not openly gay.

80.     Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

81.     A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  Doe was completely repulsed by the allegation.

82.     Ms. Williams harbored bias and hate against Doe because of his sexual orientation, and/or on account of gender stereotyping, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, based on sexual orientation and/or gender stereotyping, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

27

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

<u>See</u> Ex. "A" (emphasis added).

83.     Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams thought Doe was a "fruitcake."

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants provide a neutral employment reference for Doe; to provide appropriate training in non-discrimination and anti-harassment based on sexual orientation, gender identity, and gender expression; and for Defendants to post notice of the

verdict in this matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side,

Allentown, PA 18109.

**COUNT VI:**
**HOSTILE WORK ENVIRONMENT/HARASSMENT BASED ON DISABILITY IN**
**VIOLATION OF EQUAL PROTECTION UNDER THE DUE PROCESS CLAUSE OF**
**THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan,**
**Postmaster General, United States Postal Service)**

84.    All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

85.    Doe is HIV-positive.  HIV substantially limits the major life function of the

immune system.  Doe therefore has a covered disability.

86.    Doe was subjected to a hostile work environment/harassment based on disability;

Doe's record of a disability; and/or because Doe was perceived or regarded as disabled.

87.    Upon information and belief, Defendants, including Doe's direct

managers/supervisors, had knowledge about and were aware that Doe is HIV-positive.  Doe

recollects that a medical record submitted by Doe to management regarding the range of motion

of Doe's wrist indicated, in the same medical record, that Doe is HIV-positive, and this was

inadvertently shared with management at the time.

88.    A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of

derogatory statements made by management and co-employees that referred to Doe, to wit:

      a.    Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said
things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

      b.    Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things
like, "Stinky is a homo," referring to Doe;

29

c.     Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by name.

d.     Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

e.     Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

89.     USPS employee, John Bond, also informed Doe verbally, in or around August 2019, that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The Wizard of Oz.*

90.     USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."  See Ex. "A."  Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

91.     USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency.  See Ex. "A."

92.     USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

30

93.     The following additional incidents were directed at Doe during his employment with

Defendants:

a.      On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers'

Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager,

"I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a

separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid

was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not

playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he

did not do anything at the time, which warranted termination, which otherwise would have prompted

the comment.  Doe entered the room.

b.      Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied

Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.      Doe recollects, but does not recall a specific timeframe, that, during his employment,

Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to

that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis,

Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words

to that effect, referring to Doe.

94.     Doe received a Notice of Removal from employment as a Letter Carrier with

Defendants which was made effective August 19, 2019.

95.     A female supervisor/manager at USPS who, upon information and belief, identifies as

heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information

and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her

31

asshole," or words to that effect, which is fabricated and untrue.  Doe was completely repulsed by the allegation.

96.    Ms. Williams harbored bias and hate against Doe, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

97.    Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams harbored bias and hate against Doe because he is an HIV-positive gay man.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory damages for pain and suffering, mental

anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants provide a neutral employment reference for

Doe; and for Defendants to post notice of the verdict in this matter at the Allentown-Postal Road

Branch of the USPS, 1000 Postal Road Side, Allentown, PA 18109.

**COUNT VII:**
**WRONGFUL DISCHARGE/TERMINATION BASED ON SEX, GENDER, AND/OR**
**GENDER STEREOTYPING IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**
**ACT OF 1964, 42 U.S.C. § 2000*e*, <u>et seq.</u>**
**(Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan,**
**<u>Postmaster General, United States Postal Service</u>)**

98.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

99.     A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of

derogatory statements made by management and co-employees that referred to Doe, to wit:

  a.     Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said
         things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

  b.     Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things
         like, "Stinky is a homo," referring to Doe;

  c.     Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by
         name.

  d.     Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

  e.     Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid,
         Manager, "I fucking swear to God I'm gonna get his ass fired," referring
         specifically to terminating Doe's employment.

<u>See</u> Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

100.     USPS employee, John Bond, also informed Doe verbally, in or around August 2019, that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The Wizard of Oz.*

101.     USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."  See Ex. "A."  Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

102.     USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency.  See Ex. "A."

103.     USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

104.     The following additional incidents were directed at Doe during his employment with Defendants:

a.     On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid

34

was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

b.        Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.        Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.        Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

e.        Doe recollects that, in or around 2018, but Doe does not recall a specific timeframe, that Zip Zone Supervisor, Ms. Tina Rosado, took Doe aside and stated that there were complaints from other Letter Carriers – Doe believes Mr. Calvin Daly in particular was one of those who complained – that Doe was wearing shorts which were "too short" and "too tight," or words to that effect.  Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, the person and/or persons who complained about Doe were heterosexual and male.

f.        Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, male Letter Carrier, stated that Doe's "shorts were too tight," or words to that effect, but Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, Mr. Calvin Daly is heterosexual and/or not openly gay.

105.    Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

106.    A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  At the time, Ms. Williams knew Doe is gay.  Any reasonable person would not believe, and no investigation ever conducted by Defendants ever concluded, that Doe – a gay man – put his foot inside of this woman's anal cavity.  Doe was completely repulsed by the allegation.

107.    Ms. Williams allegedly changed or shifted the story, after a Notice of Removal was issued to Plaintiff by Defendants, and Ms. Williams stated that Plaintiff "kicked her like a football," or words to that effect, which is untrue.  The two (2) statements from Ms. Williams are inconsistent statements, and she is lying.

108.    Ms. Williams also allegedly changed or shifted the story, after a Notice of Removal was issued to Plaintiff by Defendants, when Ms. Williams stated that Plaintiff aggressively kicked her which is not true, and which Doe denies.  Ms. Williams is lying.

109.    Ms. Williams harbored bias and hate against Doe because of his sexual orientation, and/or on account of gender stereotyping, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, based on sexual orientation and/or gender stereotyping, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and

screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

110.    Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams thought Doe was a "fruitcake."

111.    Doe was penalized much more harshly and his punishment far exceeds that of other similarly situated employees who are not openly gay, and to whom Doe compares himself, above.

112.    A motivating factor in Doe's discharge was because the supervisors and co-employees of the Allentown-Postal Road Branch, including Ms. Williams, harbored bias or hate against Doe.  The bias or hate harbored against Doe at the facility by the supervisors and co-employees of the Allentown-Postal Road Branch, including by Ms. Williams, was motivated by sex, the fact that Doe was gender-stereotyped as a "fruitcake," is gay, and/or was perceived to be gay.

113.    Doe exhausted his Collective Bargaining Agreement's ("CBA's") negotiated grievance procedure, exhausted his Step A and Step B appeals, and requested arbitration although the union denied those requests and indicated to Doe that they will not be permitting arbitration in his case.

114.    Doe preserved his sexual orientation/gender stereotyping discrimination claim through the grievance process.

115.    Doe therefore exhausted his administrative remedies as a Federal employee as this forecloses or precludes election of the EEO administrative procedure to challenge the adverse

employment action, and Doe may now file in court *immediately* against USPS for sexual

orientation/gender stereotyping discrimination under Title VII of the Civil Rights Act of 1964.

See 5 U.S.C. § 7121(d), (e)(1); 29 C.F.R. § 1614.107(a)(4).

 **WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants,

including but not limited to reinstatement; back seniority; counting of continuous service without

interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be

eligible for retirement without interruption on account of Plaintiff's wrongful

discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any

and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any

promotions Doe would have received; compensatory damages for pain and suffering, mental

anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants provide a neutral employment reference for

Doe; to provide appropriate training in non-discrimination and anti-harassment based on sexual

orientation, gender identity, and gender expression; and for Defendants to post notice of the

verdict in this matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side,

Allentown, PA 18109.

**COUNT VIII:**
**HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEX, GENDER,**
**AND/OR GENDER STEREOTYPING IN VIOLATION OF TITLE VII OF THE CIVIL**
**RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, et seq.**
**(Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan,**
**Postmaster General, United States Postal Service)**

 116. All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

38

117.    A current employee of the USPS, Mr. John Bond, more specifically, a current employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of derogatory statements made by management and co-employees that referred to Doe, to wit:

      a.    Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

      b.    Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things like, "Stinky is a homo," referring to Doe;

      c.    Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by name.

      d.    Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

      e.    Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

118.    USPS employee, John Bond, also informed Doe verbally, in or around August 2019, that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The Wizard of Oz.*

119.    USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back." See Ex. "A."  Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

120.    USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to

Doe.  Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency.  See Ex. "A."

121.    USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.  See Ex. "A."

122.    The following additional incidents were directed at Doe during his employment with Defendants:

a.    On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

b.    Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.    Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

e.      Doe recollects that, in or around 2018, but Doe does not recall a specific timeframe, that Zip Zone Supervisor, Ms. Tina Rosado, took Doe aside and stated that there were complaints from other Letter Carriers – Doe believes Mr. Calvin Daly in particular was one of those who complained – that Doe was wearing shorts which were "too short" and "too tight," or words to that effect.  Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, the person and/or persons who complained about Doe were heterosexual and male.

f.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, male Letter Carrier, stated that Doe's "shorts were too tight," or words to that effect, but Doe was wearing the Postal Service-prescribed uniform shorts.  Upon information and belief, Mr. Calvin Daly is heterosexual and/or not openly gay.

123.    Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

124.    A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  Doe was completely repulsed by the allegation.

125.    Ms. Williams harbored bias and hate against Doe because of his sexual orientation, and/or on account of gender stereotyping, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, based on sexual

orientation and/or gender stereotyping, in the text messages attached as Exhibit "A" hereto, where

Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **‘Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

126.    Doe was removed from employment by Defendants who informed Doe that "Local

police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment –

Subject other to Physical Contact." ***However, on November 12, 2019, Doe was found not guilty,***

***and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it

was too late as Doe was already terminated for the allegation, which was made against Doe by Ms.

Williams because Ms. Williams thought Doe was a "fruitcake."

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants,

including but not limited to reinstatement; back seniority; counting of continuous service without

interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be

eligible for retirement without interruption on account of Plaintiff's wrongful

discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any

and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any

promotions Doe would have received; compensatory damages for pain and suffering, mental

anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants provide a neutral employment reference for

Doe; to provide appropriate training in non-discrimination and anti-harassment based on sexual

orientation, gender identity, and gender expression; and for Defendants to post notice of the

verdict in this matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side,

Allentown, PA 18109.

### COUNT IX:
### WRONGFUL DISCHARGE/TERMINATION BASED ON DISABILITY IN VIOLATION OF SECTION 501 OF THE REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 791, et seq.
### (Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan, Postmaster General, United States Postal Service)

127.     All of the foregoing paragraphs are hereby incorporated by reference as if the

same were more fully set forth at length herein.

128.     Section 501 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. § 791, et

seq., applies to employees of the Federal government, including the Plaintiff.

129.     Doe was wrongfully terminated on account of disability; a record of a disability;

and/or because Doe was perceived or regarded as disabled, in violation of Section 501.

130.     Doe is HIV-positive.  HIV substantially limits the major life function of the

immune system.  Doe therefore has a covered disability.

131.     Upon information and belief, Defendants, including Doe's direct

managers/supervisors, had knowledge about and were aware that Doe is HIV-positive.  Doe

recollects that a medical record submitted by Doe to management regarding the range of motion

of Doe's wrist indicated, in the same medical record, that Doe is HIV-positive, and this was

inadvertently shared with management at the time.

132.     A current employee of the USPS, Mr. John Bond, more specifically, a current

employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport

Road Branch, sent Doe text messages, on August 10, 2019, informing Doe of derogatory statements

43

made by management and co-employees that referred to Doe, including that a fellow Letter Carrier for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, and Letter Carrier, Ray Lorenz, said things like, "[Doe] likes to suck big dick," referring to Doe by name, and, "He's gay, dude," referring to Doe, an HIV-positive gay man.

133.   Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

134.   USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal.  Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back."

135.   USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name.

136.   The following additional incidents were directed at Doe during his employment with Defendants:

a.   On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he

did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

b.        Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.        Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.        Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

137.     Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

138.     A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  At the time, Ms. Williams knew Doe is gay.  Any reasonable person would not believe, and no investigation ever conducted by Defendants ever concluded, that Doe – a gay man – put his foot inside of this woman's anal cavity.  Doe was completely repulsed by the allegation.

139.     Ms. Williams harbored bias and hate against Doe, as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

140.    Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation.

141.    Doe was penalized much more harshly and his punishment far exceeds that of other similarly situated employees who, upon information and belief, are not disabled, and to whom Doe compares himself, above.

142.    A motivating factor in Doe's discharge was because the supervisors and co-employees of the Allentown-Postal Road Branch, including Ms. Williams, harbored bias or hate against Doe.  The bias or hate harbored against Doe at the facility by the supervisors and co-employees of the Allentown-Postal Road Branch, including by Ms. Williams, was motivated by the fact that Doe is an HIV-positive gay man.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory

damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants provide a neutral employment reference for Doe; and for Defendants to post notice of the verdict in this matter at the Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side, Allentown, PA 18109.

**COUNT X:**
**HOSTILE WORK ENVIRONMENT/HARASSMENT BASED ON DISABILITY IN VIOLATION OF SECTION 501 OF THE REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 791, <u>et seq.</u>**
**(Plaintiff, John Doe v. Defendants, United States Postal Service; and Megan J. Brennan, <u>Postmaster General, United States Postal Service</u>)**

143.    All of the foregoing paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

144.    Doe was subjected to a hostile work environment/harassment based on disability; Doe's record of a disability; and/or because Doe was perceived or regarded as disabled.

145.    A current employee of the USPS, Mr. John Bond, more specifically, a current employee and Letter Carrier for the USPS, previously assigned to the Allentown Post Office-Airport Road Branch, sent Doe the following text messages, on August 10, 2019, informing Doe of derogatory statements made by management and co-employees that referred to Doe, to wit:

a.    Doe's co-employee, a fellow Letter Carrier for USPS, "Steve Wagner, said things like, 'He's a sick faggot'", referring to Doe, an HIV-positive gay man.

b.    Doe's co-employee, a fellow Letter Carrier for USPS, Ray Lorenz, said things like, "Stinky is a homo," referring to Doe;

c.    Mr. Lorenz further stated, "[Doe] likes to suck big dick," referring to Doe by name.

d.    Mr. Lorenz further stated, "He's gay, dude," referring to Doe;

   e. Rural Carriers' Supervisor, Ms. Chamere Pedraja, stated to Qiana Reid, Manager, "I fucking swear to God I'm gonna get his ass fired," referring specifically to terminating Doe's employment.

See Exhibit "A," Text Messages from USPS Employee, John Bond, attached hereto.

146. USPS employee, John Bond, also informed Doe verbally, in or around August 2019, that Mr. Bob Quirk, male Letter Carrier, referred to Doe as "Glinda," a female witch from *The Wizard of Oz.*

147. USPS employee, John Bond, also stated, in the text messages to Doe attached as Exhibit "A," that Ms. Qiana Reid, Manager, made a celebratory statement to their staff regarding Doe's removal. Ms. Reid "announced to the carriers that '[Doe] is finally gone, and will not be coming back." See Ex. "A." Doe is believed to be the only openly gay employee, at all times relevant hereto, at the Allentown-Postal Road Branch.

148. USPS employee, John Bond, also stated, in the text messages, that he, himself, experienced discrimination, harassment, and retaliation after Mr. Bond rebuffed the discrimination and harassment of Doe by Mr. Bond stating, "That's his preference," to the harassers, referring to Doe. Preference is also an offensive term that suggests sexual orientation is a matter of choice or tendency. See Ex. "A."

149. USPS employee, John Bond, stated that, after Mr. Bond rebuffed the discrimination and harassment of Doe, Mr. Joe Whitbeck, Letter Carrier and former Vice President of the Local Union, "wouldn't stop calling me names like 'gay boy' and 'dick lover,'" and saying, "[Doe] and Bond are made for each other," referring to Doe by name. See Ex. "A."

150. The following additional incidents were directed at Doe during his employment with Defendants:

a.      On a separate occasion from the incident where Ms. Chamere Pedraja, Rural Carriers' Supervisor, according to USPS employee, Mr. John Bond, stated to Ms. Reid, Supervisor/Manager, "I fucking swear to God I'm gonna get his ass fired," referring to Doe, Doe also recollects that, on a separate occasion, in or around the Winter of 2014, Doe specifically entered a room where Ms. Reid was present, and Ms. Reid stated, in front of the other co-employees who were also present, "I'm not playing, I want him fired," in a hostile and aggressive manner, referring to Doe.  Doe alleges that he did not do anything at the time, which warranted termination, which otherwise would have prompted the comment.  Doe entered the room.

b.      Mr. Hophni Masonit, Supervisor/Manager, in or around the Winter of 2018, bullied Doe harshly by physically grabbing Doe on his forearm in a hard and aggressive manner.

c.      Doe recollects, but does not recall a specific timeframe, that, during his employment, Mr. Calvin Daly, Letter Carrier, said that Mr. Daly would "stick my foot up your ass," or words to that effect, referring to Doe.

d.      Doe recollects, that, during his employment, on a frequent and sometimes daily basis, Mr. Calvin Daly, Letter Carrier, also made comments such as, "Have they fired you yet?", or words to that effect, referring to Doe.

151.    Doe received a Notice of Removal from employment as a Letter Carrier with Defendants which was made effective August 19, 2019.

152.    A female supervisor/manager at USPS who, upon information and belief, identifies as heterosexual, Ms. Byrenda Wilson, stated to Doe that a female co-employee who, upon information and belief, identifies as heterosexual – Ms. Lisa Williams – accused Doe of "putting your foot in her asshole," or words to that effect, which is fabricated and untrue.  Doe was completely repulsed by the allegation.

153. Ms. Williams harbored bias and hate against Doe as evidenced by the fact that Mr. Bond, the current USPS employee and witness identified above, establishes the discriminatory motive, in the text messages attached as Exhibit "A" hereto, where Mr. Bond states:

> The way Mike [Hine, Letter Carrier] had verbalized it to me was that Mike was casing mail one morning.  He was telling me that Lisa Williams walked over to him and wanted to switch pivots with him.  Mike mention[ed] to her that he appreciated her asking him first… not like [Doe] where he would just grab anyone's pivot and screw everyone else.  Mike then verbalized that Lisa Williams quoted:  **'Yeah, I'm so glad they finally got rid of that fruitcake.'**

See Ex. "A" (emphasis added).

154. Doe was removed from employment by Defendants who informed Doe that "Local police were notified" and "charged you with 18 § 2709 §§ A1, a summary offense – Harassment – Subject other to Physical Contact."  ***However, on November 12, 2019, Doe was found not guilty, and the case was dismissed.***  Nevertheless, at this point, although the allegation was unfounded, it was too late as Doe was already terminated for the allegation, which was made against Doe by Ms. Williams because Ms. Williams harbored bias and hate against Doe.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, including but not limited to reinstatement; back seniority; counting of continuous service without interruption on account of Plaintiff's wrongful discharge/termination; that Plaintiff will be eligible for retirement without interruption on account of Plaintiff's wrongful discharge/termination; and/or for an amount that will fully and fairly compensate Doe for any and all back and front pay, overtime, seniority, benefits, bonuses, commissions, and any promotions Doe would have received; compensatory damages for pain and suffering, mental anguish, anxiety, depression, humiliation, embarrassment, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants provide a neutral

employment reference for Doe; and for Defendants to post notice of the verdict in this matter at the

Allentown-Postal Road Branch of the USPS, 1000 Postal Road Side, Allentown, PA 18109.

**JURY DEMAND**

Doe hereby requests a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED:  12/13/2019

JUSTIN F. ROBINETTE, ESQUIRE
Attorney I.D. No. 319829
THE LAW OFFICES OF ERIC A. SHORE, P.C.
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Phone: (215) 944-6121
Fax: (215) 944-6124
E-mail:  JustinR@EricShore.com

*Attorney for Plaintiff, John Doe*

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE DOE,

               Plaintiff,

      v.

PARX CASINO, et al.,

               Defendant.

CIVIL ACTION
NO. 18-5289

## ORDER

**AND NOW**, this 2nd day of January 2019, upon consideration of Plaintiff's Motion to

Proceed Anonymously (Doc. No. 2), and Defendants' Response to Plaintiff's Motion (Doc. No.

3), it is **ORDERED** as follows:

1. Plaintiff's Motion to Proceed Anonymously (Doc. No. 2) is **GRANTED**.

2. Plaintiff is permitted to file the Complaint using the pseudonym, "Michelle Doe."

3. Plaintiff is permitted to redact her address from the Complaint.

4. All pleadings and documents filed with the Court shall refer to Plaintiff by using the

   pseudonym, "Michelle Doe." The parties shall redact any pleadings or other documents

   that use Plaintiff's true name.[1]

---

[1] Plaintiff Michelle Doe ("Plaintiff") is an African-American female "who identifies as a lesbian
and has a masculine gender expression." (Doc. No. 1 ¶¶ 14, 23.) On December 7, 2018,
Plaintiff filed the present employment discrimination action against her former employers, Parx
Casino, Greenwood Gaming and Entertainment, Inc., and Greenwood Table Games Services,
Inc. ("Defendants"). (Doc. No. 1.) In Count I of the Complaint, Plaintiff alleges that
Defendants subjected her to a hostile workplace environment based on her sexual orientation
in violation of Title VII of the Civil Rights Act of 1964, 32 U.S.C. § 2000(e), et seq. (Id. ¶¶
12-20.) In Count II, Plaintiff alleges that Defendant wrongfully terminated her based on her
sexual orientation, also in violation of Title VII. (Id. ¶¶ 21-44.)

On December 7, 2018, Plaintiff filed the present Motion to Proceed Anonymously. (Doc. No.
2.) In the Motion, Plaintiff asks the Court to permit her to conceal her last name and adopt the

1

pseudonym, "Michelle Doe." (Id. at 3.)  She fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation. (Id. at 6.)   On December 19, 2018, Defendants filed a Response to Plaintiff's Motion. (Doc. No. 3.)  Defendants "do not take a position as [to] whether plaintiff should be allowed to proceed anonymously in regard to the instant action and leave it to the sound discretion of this Honorable Court." (Id. at 3.)

Federal Rule of Civil Procedure provides that "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10. "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal are to be conducted in public.'" Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2001) (citing Doe v. Blue Cross & Blue Shield United, 112 F. 3d 869, 872 (7th Cir. 1997)).  In general, courts have held that the people have the right to know who is using their courts. Id.

Nevertheless, courts have recognized the need for a party to proceed anonymously. See, e.g., Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008).  The decision whether to allow a party to proceed anonymously rests within the discretion of the court. Id. (citing Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)). "That a plaintiff may suffer embarrassment or economic harm is not enough. Megless, 654 F.3d at 408. To proceed anonymously, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id.  Courts have allowed a plaintiff to proceed anonymously is cases involving abortion, birth control, transsexuality, mental illness, welfare rights of children, AIDS, and homosexuality. Id. (citing Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

If the plaintiff has sufficiently alleged fear of harm from litigating without a pseudonym, the court must then balance the plaintiff's interest against the public's interest in an open litigation process. Id. The Third Circuit Court of Appeals has set forth a non-exhaustive list of factors to be weighed both in favor of anonymity and factors that favor the traditional rule of openness. See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997). Factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 467-68. Factors disfavoring anonymity include:

2

(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. This list of factors is not comprehensive and courts "will always be required to consider those [other] factors which the facts of the particular case implicate." Megless, 654 F.3d at 409 (citing Provident Life, 176 F.R.D. at 468).

As an initial matter, Plaintiff has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym. In the Complaint, Plaintiff alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression. (Doc. No. 1.) She alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence. (Doc. No. 2 at 4.) As a result, she fears that proceeding anonymously will result in further threats, violence, and retribution.

Furthermore, the Court is convinced that Plaintiff's interest in proceeding free from fear of harm substantially outweighs the public's interest in open courts. While there is a general public interest in accessing a party's identity in a case, Plaintiff is not a public figure and thus, there does not appear to be any specific public interest in the name of this particular Plaintiff. Nor do Defendants oppose allowing Plaintiff to proceed as "Michelle Doe." (See Doc. No. 3.) Plaintiff stresses that she does not seek to have this case sealed or to redact significant facts. (Doc. No. 2 at 12.) Rather, she only asks that her last name remain private. (Id.) What is more, she "is agreeable to conducting discovery, depositions, and even trial with [her] actual name used." (Id.)

Significantly, Plaintiff has a strong interest in keeping her identity anonymous. She alleges that she has been subject to a litany of insults and threats at her workplace which she submits were directed at her because of her sexual orientation and the fact that she has a masculine gender expression. (Id. at 4.) She alleges that she has faced threats of violence and retribution, and reasonably fears for her safety if she proceeds with her real name. (Id.)

3

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

_____

As a result, the Court is persuaded that Plaintiff should be permitted to proceed under the pseudonym, "Michelle Doe." Accordingly, the Motion to Proceed Anonymously (Doc. No. 2) will be granted.

4

# EXHIBIT "D"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,                                          CIVIL ACTION

          **Plaintiffs,**

      **v.**

THE GARDENS FOR MEMORY CARE                        NO.  18-4027
AT EASTON, PRIORITY HEALTHCARE
GROUP, PRIORITY HEALTHCARE
GROUP, LLC, AND MAYBROOK-P
PRAXIS OPCO, LLC,
         **Defendant.**

**FILED**

SEP 2 1 2018

KATE BARKMAN, Clerk
By _____ Dep. Clerk

## O R D E R

    **AND NOW**, this 21st day of September, 2018, upon consideration of Plaintiff's Motion

to Proceed Anonymously (ECF No. 2), it is hereby **ORDERED** that the Motion is

**CONDITIONALLY GRANTED.**[1]

                                 **BY THE COURT:**

                                 **WENDY BEETLESTONE, J.**

---

[1] Rule 10 of the Federal Rules of Civil Procedure requires a complaint to include in its caption the name of all of the parties in the litigation. Fed. R. Civ. P. 10. That requirement reflects the principle that people have a right to know who is using their courts and that, accordingly, judicial proceedings are presumptively open to the public. *See Doe v Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). Nevertheless, there are some instances where courts have allowed pseudonyms including in cases in which a plaintiff is transgender, as here, if the plaintiff can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (citation omitted).



In balancing these interests- -the public interest in open courts and the protection of plaintiffs who reasonably fear severe harm if their identities are made public—-the Third Circuit has endorsed a non-exhaustive list of factors to be considered. *Id.* (citing *Doe v Provident Life & Accident Ins Co*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Factors in favor of anonymity include:

"(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases, (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities, (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Id.* at 409. Those that favor including the plaintiff's name in the caption include:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained, and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.* While there is, of course, as instantiated in Rule 10, a general level of interest in accessing the identities of parties to a case, in this case, at least as yet, there does not appear to be any specific public interest in the name of this particular Plaintiff or any opposition to allowing the Plaintiff to proceed as a "Jane Doe." According to the Complaint, the Plaintiff is a certified nursing assistant, not a public figure, who, according to an affidavit she submitted in support of this motion, has limited revealing the fact that she is transgender to only those instances that are necessary.

In her Complaint, Plaintiff sets forth a litany of comments and actions at work which she alleges were directed at her transgender status and which support the workplace discrimination claims she makes. In her brief in support of this motion she speaks of a fear of violence if her name is included in the Complaint citing statistics, several articles, and individual instances of violence against transgender people, in support of those propositions. She makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint. More specifically, she is prepared to conduct discovery, depositions and trial with her actual preferred name.

Given all of the above, Plaintiff's motion shall be conditionally granted. If circumstances change such that a re-evaluation of the *Megless* factors is warranted, the Court will do so.

2

## <u>CERTIFICATE OF SERVICE</u>

I, JUSTIN F. ROBINETTE, ESQUIRE, Attorney for Plaintiff, do hereby certify that on

this <u>13th</u> day of <u>DECEMBER</u>, <u>2019</u>, I caused a true and correct copy of the foregoing Motion of

Plaintiff to Proceed Anonymously, together with the Brief in Support thereof, to be filed with the

Court electronically and served on the following, via the method set forth below:

### <u>*VIA FIRST CLASS MAIL & E-MAIL*</u>

Megan E. Medina, Esquire
United States Postal Service
7300 Lindbergh Boulevard, Room 807
Philadelphia, PA 19153
E-mail:  Megan.E.Medina@usps.gov

*Attorney for Defendants*

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: <u>12/13/2019</u>          BY:     */s/ Justin F. Robinette ,Esquire*
                                    **JUSTIN F. ROBINETTE, ESQUIRE**
                                    Two Penn Center
                                    1500 JFK Boulevard, Suite 1240
                                    Philadelphia, PA 19102
                                    Tel:  (215) 944-6121
                                    Fax: (215) 944-6124
                                    E-mail: JustinR@ericshore.com

                                    *Attorney for Plaintiff, John Doe*