# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>                         Plaintiff,<br>     v.<br><br>MEGAN J. BRENNAN, *et al.*,<br><br>                         Defendants | CASE NO. <u>19-5885</u> |

## O R D E R

AND NOW, this _____ day of _____, 20___, upon consideration of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1. Plaintiff is permitted to file the Complaint so that the caption reflects the pseudonym, "John Doe";

2. The parties shall file any and all pleadings and other documents with the Court using the pseudonym, "John Doe," and/or shall redact any pleadings and other documents filed of Plaintiff's name;

3. Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any amendment thereto.

                                        BY THE COURT:


                                        _____
                                                              LEESON, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 19-5885 |
| Plaintiff, | |
| v. | |
| MEGAN J. BRENNAN, *et al.*, | |
| Defendants | |

### MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY

Plaintiff hereby files the instant Motion to Proceed Anonymously and incorporates by reference all of the arguments contained in the accompanying Brief, as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "John Doe"; and permit Plaintiff to redact his home address from the Complaint.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 03/09/2020        BY:    */s/ Justin F. Robinette, Esquire*
**JUSTIN F. ROBINETTE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Tel: (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff, John Doe*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | CASE NO. <u>19-5885</u> |
| Plaintiff, | |
| v. | |
| MEGAN J. BRENNAN, *et al.*, | |
| Defendants | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed Anonymously, and states as follows:

**I.   MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.   QUESTION PRESENTED:**

1. Whether Plaintiff should be permitted to proceed with a pseudonym and redact his home address from the Complaint based on Plaintiff's allegations of discrimination on account of being an HIV-positive gay man, and as there is a likelihood Plaintiff will face further stigma or retribution if this information is publicized in this lawsuit beyond an extent to which Plaintiff is comfortable, which is something Plaintiff specifically continues to fear, therefore, a ruling is appropriate.

   Suggested Answer:  **YES.**

**III.   STATEMENT OF FACTS:**

Plaintiff seeks to proceed under the pseudonym, "John Doe," in Plaintiff's Complaint. By way of brief background, Plaintiff identifies in the Complaint as an "HIV-positive gay man." <u>See</u> Pltf.'s First Am. Compl., at para. 11, 149.  Plaintiff alleges that he was subjected to a hostile work environment/harassment, and ultimately terminated from public employment as a Letter

Carrier, by the United States Postal Service ("USPS"), after nearly thirteen (13) years, on account of Plaintiff's sexual orientation and HIV-positive status. See id.

Among Plaintiff's allegations, Plaintiff has identified derogatory slurs because he is an "HIV-positive gay man," including, for example, being called a "sick f-ggot"; he was physically grabbed by a supervisor in a hard and aggressive manner; he was threatened by an employee who stated, "I'll stick my foot up your a--," and a co-employee sent a text message to another co-employee after this lawsuit was filed, stating, "If [Doe] wins I'll refuse to work near AIDS boy." See id. at para. 12; see Ex. "C" to Pltf.'s First Am. Compl.

Plaintiff alleges that his HIV status was revealed inadvertently in the workplace which Plaintiff believes to be part of the impetus for his mistreatment. Plaintiff does allege that he told the EEO counselor and staff about his HIV status as well in order to exhaust administrative remedies in this case. With the instant Motion being renewed, Plaintiff seeks this Court's permission to proceed with a pseudonym and to redact Plaintiff's home address from the Complaint.

## IV.    LEGAL ARGUMENT:

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there is a fear of social stigma resulting from disclosure of the party's sexual orientation or HIV-positive status. See Doe v. Megless, 654 F.3d 404, 408-09 (3d Cir. 2011); see also Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In Doe v. Megless, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in Doe v. Borough of Morrisville, supra., for its holding that cases involving a litigant's LGBT status or HIV-positive status were generally appropriate for

pseudonyms. Megless, 654 F.3d at 408-09 (citing Doe v. Borough of Morrisville, 130 F.R.D. at 614)).

The Third Circuit in Doe v. Megless explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." Megless, 654 F.3d at 408-09. Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Megless, 654 F.3d 404, 408 (citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)); see also Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in Megless adopted a "non-exhaustive" list of factors from Doe v. Provident Life and Accident Insurance Company, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

    (1)    The extent the litigant's identity has been kept confidential;

    (2)    The basis on which disclosure is feared or avoided, and its substantiality;

    (3)    The magnitude of the public interest in maintaining the litigant's confidentiality;

    (4)    Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

    (5)    Whether the litigant has illegitimate ulterior motives.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

    (1)    Whether there is universal public interest in accessing the litigant's identity;

(2) Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3) Whether opposing counsel, the public, or the press is illegitimately motivated.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. at 467).

> **A. The Middle District of Pennsylvania Recently Issued a Decision Granting a Transgender Litigant Anonymity, Which is Persuasive, Questioned Strict Application of the Megless Balancing Test, and Considered the Equities as Pertaining to Individuals Who Identify as LGBT.**

In a recent unreported decision of the Honorable Matthew W. Brann, of the United States District Court of the Middle District of Pennsylvania, the court held that pseudonyms were generally appropriate in litigation surrounding transgender issues notwithstanding the multi-factor balancing test set forth in Megless, noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.).

In Doe v. Department of Corrections, the Honorable Matthew W. Brann permitted a transgender former employee, specifically a prison guard, of the Commonwealth of Pennsylvania to proceed anonymously in an employment discrimination case in which the employee alleged hostile work environment resulting from episodes of misgendering and anti-trans bias. Id. In doing so, Judge Brann questioned the applicability of each factor of the multi-factor balancing test under Megless, finding on the whole that transgender litigants like the plaintiff in Doe v. Department of Corrections are able to sufficiently demonstrate a need for the pseudonym sought. Id.

Likewise, as recently as January 14, 2020, the Middle District of Pennsylvania permitted

5

a litigant to proceed anonymously who is a transgender employee of the Commonwealth of Pennsylvania.  The employee alleges discrimination by the Commonwealth in its employer-sponsored health plan which allegedly excluded coverage for gender confirmation surgery for people who are transgender.  See Doe v. Commonwealth of Pennsylvania, et al., No. 19-2193, Dkt No. 5 (M.D. Pa. Jan. 14, 2020) (Rambo, J.).  In Doe v. Commonwealth of Pennsylvania, the Honorable Sylvia H. Rambo specifically relied on Judge Brann's prior decision in Doe v. Department of Corrections in order to permit the litigant to proceed anonymously.  See id. at p. 3.  Judge Rambo reasoned, in Doe v. Commonwealth of Pennsylvania, that anonymity was justified because the plaintiff in that case "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case."  See id. at pp. 2-3.  While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person."  See id. at p. 3.

      Plaintiff respectfully contends that conditionally granting the instant Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time so that Plaintiff is not outed beyond an extent to which he is comfortable.  This Court should look to the persuasive value of the well-reasoned opinions in Doe v. Department of Corrections and Doe v. Commonwealth of Pennsylvania, and grant the litigant herein anonymity conditionally, so that Plaintiff is no longer in fear of being outed beyond an extent to which he is comfortable.  This can be revisited if additional circumstances come to light which warrant reconsideration.

Plaintiff also notes that a *conditional* grant of anonymity was permitted in other cases including Doe v. The Gardens for Memory Care at Easton, No. 18-4027 (E.D. Pa. Sept. 21, 2018), a case in the Eastern District of Pennsylvania which also involved a transgender employee alleging hostile work environment and wrongful termination/discharge at a facility in the Lehigh Valley.  See also Doe v. Parx Casino, No. 18-5289 (E.D. Pa. Jan. 2, 2019) (permitting anonymity for lesbian female with a "masculine gender expression" due to fear of retribution even though the plaintiff was openly gay); Doe v. Dallas, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3) (anonymity permitted for transgender litigant alleging discrimination due to gender dysphoria ('GD') under the Affordable Care Act); Doe v. Romberger, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8) (anonymity permitted for transgender litigant challenging barriers to obtaining an accurate birth certificate); Doe v. Arrisi, 16-cv-08640-MAS-DEA (D.N.J. Feb. 16, 2017) (same).

    **B.**    **Plaintiff's Sexual Orientation and HIV-Positive Status Are Private Matters, And While There Might An Interest In The Public Knowing or Following What Has Been Characterized as "Unique Circumstances" in The Instant Case, ECF No. 13, There Is Little Interest in Revealing the Actual Identity of Any Particular HIV-Positive or Gay Litigant.**

When deciding whether a litigant can proceed anonymously in a lawsuit, the court should consider "the extent to which the identity of the litigant has been kept confidential." Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011).

It is well-recognized that a litigant's HIV-positive status, or status of having AIDS, is also a compelling reason to grant anonymity.  Furthermore, because such stigmatization is very real, this Court should respectfully enter an Order conditionally granting anonymity.  See, e.g., Megless, supra.; Smith v. Milton Hershey Sch., No. CIV.A. 11-7391, (E.D. Pa. 2011) (allowing mother of HIV-positive minor to proceed under pseudonym); Doe v. Elwyn, No. 16-2276, ECF No. 19 (E.D. Pa. 2016) (Alejandro, J.) ("all documents filed to date including ECF 1 through

7

ECF 17, shall be sealed; and all future documents filed in this matter shall make reference only to . . . pseudonyms and not real names," for both the plaintiff and for the plaintiff's "same-sex partner"); Doe v. Deer Mountain Day Camp, Inc., No. 07-cv-5495 (S.D.N.Y. Jun. 22, 2007) (permitting minor and parent alleging HIV discrimination against camp to proceed under pseudonym); EW v. New York Blood Center, 213 F.R.D. 108, 110 (E.D.N.Y. 2003) (fear of stigma because plaintiff had a "sexually and blood-transmitted disease" such as AIDS "is real.").

Further, as above, Plaintiff's request also comports with other courts' grant of anonymity to LGBT litigants in this jurisdiction, the Eastern District of Pennsylvania, as well as the District of New Jersey. See, e.g., Doe v. Dallas, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3); Doe v. Romberger, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8); Doe v. Arrisi, 16-cv-08640-MAS-DEA (D.N.J. Feb. 16, 2017); Doe v. The Gardens for Memory Care at Easton, No. 18-4027 (E.D. Pa. Sept. 21, 2018).

A person's HIV-positive status is a private matter. Plaintiff wishes to maintain his anonymity in this lawsuit. If Plaintiff is outed beyond an extent to which he is comfortable, he may face further stigma or retribution. Such a risk of stigma or retribution is very real.

    **C.**     **Plaintiff Faces a Possible Risk of Stigma, Violence, or Retribution If Plaintiff's HIV-Positive Status or Sexual Orientation Is Disclosed In This Lawsuit Beyond An Extent To Which He Is Comfortable.**

As the Third Circuit explained in Doe, the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of allowing anonymity. Megless, 654 F.3d at 409.

In a persuasive decision of the Eastern District of Pennsylvania, Doe v. Parx Casino, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.), cited above, the Honorable Joel H. Slomsky recently permitted a lesbian plaintiff to proceed under a pseudonym, in an alleged

8

sexual-orientation discrimination case, although in that case the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint.  See Doe v. Parx Casino, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.), at p. 2.  Instead, the plaintiff in Doe v. Parx Casino alleged that she "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation."  See id.  Although the defendant-employer in Doe v. Parx Casino did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint.  See id. at p. 3.  Nevertheless, the court in Doe v. Parx Casino considered the Megless list of factors to be a "non-exhaustive list," and therefore "not comprehensive."  See id. at pp. 2-3.  Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only *one* factor in the list of non-exhaustive Megless factors.

      Judge Slomsky ruled in Doe v. Parx Casino that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that proceeding anonymously will result in further threats, violence, and retribution."  See id. at p. 3.  This analysis was conducted independently of the question of confidentiality, which the plaintiff in Doe v. Parx Casino could not satisfy because she admitted she was being discriminated against because she was openly lesbian.

Furthermore, in a second recent, persuasive decision, Doe v. The Gardens for Memory Care at Easton, the Honorable Wendy Beetlestone of the Eastern District of Pennsylvania permitted a transgender employee to use a pseudonym in a wrongful termination and hostile work environment case based, in part, on evidence not of physical violence, but simply based on the fact that the "[p]laintiff sets forth a litany of comments and actions at work which she alleges were directed at her transgender status and which support the workplace discrimination claims she makes." See Doe v. The Gardens for Memory Care at Easton, Case No. 18-4027 (E.D. Pa. Sept. 21, 2018) (Beetlestone, J.), at p. 2, para. 5. In Doe v. The Gardens for Memory Care at Easton, the court ruled that, in addition to the weight of statistical and anecdotal evidence of anti-transgender violence and discrimination which the plaintiff had set forth in that case, the workplace harassment actually faced by the plaintiff in that case also factored into the court's decision to grant anonymity.

Plaintiff points to additional anecdotal evidence and statistics to buttress this request for anonymity, as did the plaintiff in Doe v. The Gardens for Memory Care at Easton. More specifically, there has been a recent rise in hate speech, and hate crimes, in the Philadelphia and surrounding area, with the "LGBT community" among the "most common targets."[1] The Morris Home for Hope, an LGBTQ-specific homeless shelter, appears to have been "firebombed" in a hate crime attack on June 23, 2018.[2] Less than one (1) year prior, in July 2017, residents of the

---

[1] Boren, Michael, "Since Trump, More Slurs, Signs and Discrimination in Philly," *Philly.com* (August 22, 2017), available at [www.philly.com/philly/news/crime/since-trump-more-slurs-signs-and-discrimination-in-philly-20170822.html?mobi=true] (describing the "LGBT community" among the "most common targets") (Last Accessed Sept. 12, 2019).

[2] Busey, Kelli, "Philly transgender group home firebombed in hate crime attack," *Planet Transgender* (June 29, 2018), available at [http://planettransgender.com/philly-transgender-group-home-fire-bombed/?cn-reloaded=1] (Last Accessed Sept. 12, 2019).

same shelter reported being attacked by a group of individuals using a paintball gun.[3]  The LGBT Center of Central Pennsylvania, in Harrisburg, Pennsylvania, also had its windows smashed in 2017.[4]  Generally speaking, statistics confirm that violence, including fatal violence, against LGBTQ+ people is on the rise currently.[5]  The FBI recently released formal hate crime statistics in 2017 showing what is believed to be an increase in the number of reported hate crimes.[6]  Furthermore, statistically speaking, it has been well-recognized that individuals living with HIV or AIDS are subject to high rates of stigma and discrimination on this basis if their HIV-positive status, or status of having AIDS, is disclosed.[7]

In the instant case, similar to Doe v. Parx Casino and Doe v. The Gardens for Memory Care at Easton, Plaintiff also has a fear of severe harm that is reasonable in part due to anecdotal evidence of the discriminatory conduct to which Plaintiff was subjected at work.  More specifically, Plaintiff alleges numerous instances of harassment which allegedly occurred at

---

[3] Nieves, Alicia, "Police:  Transgender People Shot In Paintball Attacks," *CBS Philly* (July 7, 2017), available at [https://philadelphia.cbslocal.com/2017/07/07/philadelphia-police-investigating-series-of-paintball-attacks/] (Last Accessed Sept. 12, 2019).

[4] Avery, Dan, "Windows Smashed At Central Pennsylvania LGBT Center," *Logo News/NewNowNext* (January 6, 2017), available at [www.newnownext.com/lgbt-center-windows-harrisburg/01/2017/] (Last Accessed Sept. 12, 2019).

[5] See Marzullo and Libman, Human Rights Campaign, "Research Overview:  Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people] (Last Accessed Dec. 12, 2019); Haeyoun Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0] (Last Accessed Dec. 12, 2019); Prakash, Nidhi, "This Report Says More LGBT People Were Killed So Far in 2017 Than in All of 2016," *Buzzfeed News* (August 10, 2017), available at [www.buzzfeed.com/nidhiprakash/lgbt-deaths-mid-2017?utm_term=.ls000lgVL#.nuMBBORP7] (Last Accessed Dec. 12, 2019).

[6] Dashow, Jordan, "New FBI Statistics Show Alarming Increase in Number of Reported Hate Crimes," *Human Rights Campaign* (November 13, 2018) [www.hrc.org/blog/new-fbi-statistics-show-alarming-increase-in-number-of-reported-hate-crimes] (Last Accessed Dec. 12, 2019).

[7] "HIV Stigma and Discrimination," *Avert* [https://www.avert.org/professionals/hiv-social-issues/stigma-discrimination] (Last Updated Oct. 10, 2019) (Last Accessed Dec. 13, 2019).

11

Plaintiff's workplace, which Plaintiff alleges occurred on account of Plaintiff's sexual orientation or HIV-positive status. Plaintiff alleges, for example, being called a "sick f-ggot," and Plaintiff is an HIV-positive gay man; he was physically grabbed by a supervisor in a hard and aggressive manner; and he was threatened by an employee who stated, "I'll stick my foot up your a--." See First Am. Compl., at para. 12. Plaintiff has also identified a discriminatory text message sent by a co-employee to another co-employee, after the instant litigation, which supports the Plaintiff's belief he will suffer stigma based on his HIV-positive status or sexual orientation, if his identity is disclosed beyond an extent to which he is comfortable in this lawsuit. See Exhibit "C" to Pltf.'s First Am. Compl. Specifically, a co-employee stated that if Doe wins, the co-employee will "refuse to work near AIDS boy." See id.

The circumstances described in the instant Motion are sufficient to justify anonymity similar to the circumstances in Doe v. Parx Casino and Doe v. The Gardens for Memory Care at Easton, supra. There is a possibility that Plaintiff might face intimidation or retaliation if Plaintiff moves forward with his real name and address in this lawsuit. Plaintiff respectfully requests that this Honorable Court therefore permit him to adopt a pseudonym moving forward.

    **D.**    **The Public Interest In Maintaining The Confidentiality of Plaintiff's Identity.**

According to Megless, when deciding the issue of anonymity, a court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ." Megless, 654 F.3d at 409. Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this weighs in favor of permitting anonymity. Id. Generally speaking, as above, individuals who are LGBT are recognized as having a strong interest in confidentiality. See, e.g., Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 at *2 (M.D. Pa. Nov. 1, 2019); Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999)

12

("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status] . . . [an] unusual condition that is likely to provoke both an intense desire to maintain one's medical confidentiality, as well as hostility and intolerance from others"); Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy).

Consideration of the public interest here also leans toward confidentiality, and in favor of Plaintiff.  In the instant case, as the Plaintiff is not a public figure, there is not a particularly strong interest in revealing his identity.  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  Furthermore, the public interest will best be served by ensuring Plaintiff can proceed anonymously so that Plaintiff is not outed beyond an extent to which he is comfortable.  Plaintiff might drop the lawsuit to avoid doing so, and justice would not be served in such a case.

### E.     Plaintiff Seeks To Keep Only A Limited Amount of Information Confidential.

Plaintiff only seeks to keep a limited amount of information private.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity."  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  In the instant case, Plaintiff is agreeable to conducting depositions and trial with his actual name used.  Plaintiff is also not requesting that this case be sealed. The public will know everything about this case from court submissions, except the Plaintiff's name and address.  Plaintiff therefore respectfully requests that he be permitted to keep his name and address private in court filings.  The public can know about the facts and development of this LGBT discrimination lawsuit from the docket activity but, as in Doe v. Commonwealth of Pennsylvania, supra., there is very little interest in knowing a particular LGBT litigant's identity.

13

F.  **Plaintiff Is Also Seeking Specifically To Keep His Identity Confidential Pursuant to Plaintiff's HIPAA Rights and Right to Medical Privacy.**

Plaintiff further seeks to keep his identity private because this is a right of medical privacy. Plaintiff's identity should not be disclosed to the public under these facts. See 45 CFR Part 160, Subparts A and E of Part 164; 45 C.F.R. 160.103 (the Health Insurance Portability and Accountability Act, or HIPAA). A similar medical privacy argument was raised by a transgender plaintiff in a recent case, out of the Eastern District of Pennsylvania, in Doe v. The Hospital of the University of Pennsylvania, Case No. 19-2881 (E.D. Pa. Aug. 16, 2019) (Dkt. 11). This is an additional reason to grant anonymity in the instant case.

V.  **CONCLUSION:**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "John Doe"; and permit Plaintiff to redact his address from the Complaint.

          Respectfully submitted,

          **THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 03/09/2020    BY:    */s/ Justin F. Robinette, Esquire*
          **JUSTIN F. ROBINETTE, ESQUIRE**
          Two Penn Center
          1500 JFK Boulevard, Suite 1240
          Philadelphia, PA 19102
          Tel: (215) 944-6121
          Fax: (215) 944-6124
          E-mail: JustinR@ericshore.com

          *Attorney for Plaintiff, John Doe*

## **CERTIFICATE OF CONCURRENCE**

Opposing counsel for Defendants has stated that while Defendants do not object to the relief requested necessarily, Defendants have requested that Plaintiff's Counsel nonetheless file this Motion and seek this Court's opinion about the issue, consistent with the email from opposing counsel attached hereto as Exhibit "A" for this Court's review.  Plaintiff's Counsel therefore understands Defendants to have concurred in the relief requested and is representing as much consistent with the statements in Exhibit "A."

                                              Respectfully submitted,

                                              **THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 03/09/2020        BY:    */s/ Justin F. Robinette ,Esquire*
                                                    **JUSTIN F. ROBINETTE, ESQUIRE**
                                                    Two Penn Center
                                                    1500 JFK Boulevard, Suite 1240
                                                    Philadelphia, PA 19102
                                                    Tel:  (215) 944-6121
                                                    Fax: (215) 944-6124
                                                    E-mail: JustinR@ericshore.com

                                                    *Attorney for Plaintiff, John Doe*

## **CERTIFICATE OF SERVICE**

I, JUSTIN F. ROBINETTE, ESQUIRE, Attorney for Plaintiff, do hereby certify that on this 9th day of MARCH, 2020, Plaintiff's Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof, and any accompanying documents, were filed using the Eastern District of Pennsylvania's ECF system, through which these documents are available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 03/09/2020      BY:      */s/ Justin F. Robinette ,Esquire*
**JUSTIN F. ROBINETTE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Tel:  (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff, John Doe*