UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JOHN DOE,                           Plaintiff, | : <br> : <br> : |
| v. | :     No. 5:19-cv-5885 <br> : |
| MEGAN J. BRENNAN, <br> POSTMASETER GENERAL, USPS, <br> QUIANA REID, in her individual capacity, <br> and UNKNOWN DEFENDANT NUMBER 1, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : |

_____

**O P I N I O N**
Plaintiff's motion to proceed anonymously, ECF No. 14—GRANTED, *conditionally*

**Joseph F. Leeson, Jr.**                                                                                                **April 27, 2020**
**United States District Judge**

I.     **INTRODUCTION**

This is an employment discrimination action in which Plaintiff, who worked as a letter carrier for the United States Postal Service ("USPS"), alleges that he was subjected to a hostile work environment, discriminated against, and eventually terminated by USPS as a result of his sexual orientation and HIV-positive status.  *See generally* Plaintiff's Amended Complaint ("Am. Compl.") [ECF No. 9].  Before the Court is Plaintiff's motion for leave to prosecute his lawsuit anonymously, under the pseudonym "John Doe" rather than under his true name.  *See* Plaintiff's Motion to Proceed Anonymously ("Pl.'s Mot.") [ECF No. 14].  Defendant the Postmaster General does not oppose the motion at this time, but requests two limitations on any Order granting Plaintiff's motion:  (1) that Plaintiff be directed to conduct depositions and trial using his actual name; and (2) that the Court's grant of Plaintiff's motion be without prejudice to any

1
042720

Defendant's future ability to challenge the basis to permit Plaintiff to proceed anonymously. *See* Defendant's Response ("Def.'s Resp.") [ECF No. 15] at 4.

For the reasons set forth below, Plaintiff's motion to proceed anonymously is granted, conditionally, subject to the two limitations requested by the Postmaster General.

## II.     DISCUSSION

### A.     Legal principles

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." FED. R. CIV. P. 10(a). "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997)). The right of the public to know who is using its courts mandates that parties to litigation be identified. *See Megless*, 654 F.3d at 408. The public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the Constitution. *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings." *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)). However, in exceptional cases, courts have allowed litigants to proceed anonymously, even though there is no such authority in Rule 10(a).

*See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008) ("We acknowledge that the use of pseudonyms to conceal a plaintiff's identity has no explicit sanction in the federal rules.  Nonetheless, the Supreme Court has given the practice implicit recognition in two abortion cases, *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).  Although we have yet to address the issue, the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court."), *order clarified*, 543 F.3d 178 (3d Cir. 2008).

In order to proceed anonymously and deprive the public of its right of knowledge, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1043 (9th Cir. 2010)).  It is not enough that a plaintiff may suffer embarrassment or economic harm.  *Megless*, 654 F.3d at 408.  In this Circuit, courts' analyses of motions to proceed anonymously examine the following non-exhaustive factors, which weigh in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467-68 (E.D. Pa. 1997); *see Megless*, 654 F.3d at 409.  On the other hand, the following non-exhaustive factors disfavor anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3)

whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Provident Life and Acc. Ins. Co.,* 176 F.R.D. at 467-68; *see Megless*, 654 F.3d at 409.

Importantly, and as the Postmaster General observes, district courts have an independent duty to determine whether these conditions are satisfied; that is, "whether 'exceptional circumstances' warrant a departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist.*, No. 2:12-CV-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004)).

### B.     Application to Plaintiff's case

In order to apply the above legal principles to Plaintiff's case, the Court must briefly summarize the alleged basis for Plaintiff's suit.  The Amended Complaint avers the following facts.

Plaintiff began employment with USPS as a letter carrier in 2007 and worked in this capacity for over twelve years.  Am. Compl. ¶ 9.  Plaintiff identifies as a gay male, and was the only openly gay male employee at the branch at which he worked.  *Id*. ¶¶ 11, 14.  He is also HIV-positive.  *Id*. ¶ 135.  Plaintiff claims both his sexual orientation and his HIV-positive status were known to his coworkers and USPS management.  *See id*. ¶ 149.  Plaintiff was terminated on August 19, 2019, the stated reason for which was a physical altercation with a coworker, Ms. Lisa Williams, which Plaintiff alleges never took place and was fabricated by Williams as a result of her animus for Plaintiff due to his sexual orientation.  *See id*. ¶¶ 19-23.  Although Plaintiff was prosecuted for harassment, a summary offense, based upon the alleged incident, he was found not guilty and the case was dismissed.  *Id*. ¶ 23.

On August 10, 2019, a colleague of Plaintiff's sent Plaintiff a text message informing him that USPS management had made derogatory statements regarding Plaintiff's sexual orientation, including calling Plaintiff "a sick faggot," "a stinky homo," and stating an intent to "get his [Plaintiff's] ass fired." Am. Compl. ¶ 12.[1] Plaintiff's colleague also informed Plaintiff that Defendant Quiana Reid, a manager, sent a celebratory message to all of her staff upon Plaintiff's termination, stating that Plaintiff "is finally gone, and won't be coming back." *Id.* ¶ 14. In addition to specific statements conveyed to Plaintiff by his colleague, the Amended Complaint lists multiple incidents of prejudicial and abusive conduct directed at Plaintiff over the course of his employment with USPS—including at least one incident of aggressive physical contact— which he claims was motivated by his coworkers' and USPS management's bias against him based on his sexual orientation. *See id*. ¶ 17. Plaintiff also lists a number of past incidents of physical contact between other employees to attempt to illustrate that even assuming Ms. Williams' allegations against him were true—which Plaintiff denies—he was punished much more harshly than employees involved in other incidents. *See id*. ¶ 27.

Based upon the above-alleged facts, the Amended Complaint asserts ten causes of action alleging violations of Plaintiff's constitutional and statutory rights.

The Court finds that based upon the alleged facts in this case, and in light of the factors set forth in *Provident Life and Acc. Ins. Co.* and *Megless*, Plaintiff has satisfied his burden of showing both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. *Megless*, 654 F.3d at 408. As such, he is entitled to the extraordinary relief of being permitted to

---

[1] This is not an exhaustive list of the alleged statements made by Plaintiff's coworkers. Additionally, the alleged statements listed in the Amended Complaint contain even more derogatory language, which the Court chooses not to reproduce here.

proceed in this action anonymously.  This relief, however, is granted only on a conditional basis at this time, for reasons discussed below.

With respect to the six factors listed above that weigh in favor of anonymity, the Court finds that at a minimum, factors (2), (5), and (6)—the bases upon which disclosure is feared or sought to be avoided and the substantiality of these bases; the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and whether the party seeking to sue pseudonymously has illegitimate ulterior motives, respectively—weigh strongly in Plaintiff's favor.  Given the serious and comprehensive nature of the allegations, Plaintiff's fear of severe harm appears reasonable and founded upon substantial bases.  Moreover, were Plaintiff to abandon this suit as a consequence of being forced to proceed publicly, an adverse outcome on this basis would indeed be undesirable, with respect to Plaintiff, as well as the interests of justice.  Finally, it is not alleged, nor does it appear, that Plaintiff has commenced the instant suit with ulterior motives. The remainder of the factors are either unknown or neutral.  Similarly, the three factors weighing against anonymity do not tip the scales in that direction.  Perhaps most significantly, the interest in knowing Plaintiff's identity is relatively low as he is not a public figure of any sort.

While, as shown, an application of the above factors favors anonymity, it is also worth observing that "[e]xamples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, *AIDS*, and homosexuality." *Jones v. OSS Orthopaedic Hosp.*, No. 1:16-CV-1258, 2016 WL 3683422, at *2 (M.D. Pa. July 12, 2016) (emphasis in original) (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)); *Megless*, 654 F.3d at, 408 (same); *see Doe v. Pennsylvania Dep't of Corr.*, No. 4:19-CV-01584, 2019 WL 5683437, at *2 (M.D. Pa. Nov. 1,

2019) (explaining, in a case brought by a transgender plaintiff that "[a]s litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously," and finding plaintiff had satisfied his burden to proceed anonymously). "Indeed, courts have frequently found that the social stigma in some quarters associated with an HIV positive diagnosis is a factor which strongly weighs in favor of allowing a litigant to proceed under a pseudonym." *Jones*, 2016 WL 3683422, at *2 (citations omitted).

Lastly, it is appropriate that Plaintiff's ability to proceed anonymously be granted only on a conditional basis at this time. This is consistent with both sides' positions on the issue. *See* Pl.'s Mot. At 7; Def.'s Resp. at 4. More importantly, a conditional grant, which leaves Defendants and the Court an opportunity to re-examine the issue if circumstances change, is consistent with the Court's duty to ensure that the extraordinary relief of permitting Plaintiff's anonymous suit—which deprives the public of a fundamental common law right—remains limited only to extraordinary circumstances. *See, e.g.*, *Pennsylvania Dep't of Corr.*, 2019 WL 5683437, at *3 (granting leave to proceed under a pseudonym on a conditional basis); *see also Malibu Media, LLC v. John Does 1-16*, 902 F. Supp. 2d 690, 701 (E.D. Pa. 2012) ("The Court is always open to consider modification of a protective order.").

III.    CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed anonymously under the pseudonym "John Doe" is granted, on a conditional basis, and without prejudice to (1) Defendants' ability to challenge the grant of anonymity on a good faith basis at a later date, or (2) the Court's ability to re-examine the issue on a *sua sponte* basis.  A separate Order follows this Opinion.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge