IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | : |
|     Plaintiff, | : |
| v. | : CIVIL ACTION NO. 19-5885 (JFL) |
| LOUIS DEJOY, POSTMASTER GENERAL, UNIITED STATES POSTAL SERVICE, | : |
|     Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT POSTMASTER GENERAL'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................1

III. STATEMENT OF THE QUESTION INVOLVED ...............................................4

IV. SUMMARY OF ARGUMENT ..............................................................................5

V. ARGUMENT ..........................................................................................................6

    A. Standard of review............................................................................................ 6

    B. Doe failed to timely initiate EEO contact and therefore failed
       to exhaust administrative remedies. ................................................................. 7

       1. Doe's wrongful termination claims must be dismissed because
          he did not initiate EEO contact within 45 days of the effective
          date of his removal which, for this purpose, cannot be extended
          by the grievance process............................................................................... 8

       2. Doe's hostile work environment claims must be dismissed because
          he did not initiate EEO contact within 45 days of any alleged incident
          of harassment. .............................................................................................10

    C. Equitable tolling does not apply to extend the 45-day period to
       contact an EEO counselor under the circumstances here...........................11

VI. CONCLUSION .....................................................................................................15

## I.   INTRODUCTION

Defendant Louis DeJoy, Postmaster General of the United States Postal Service—now the sole defendant in this action—moves the Court to dismiss plaintiff John Doe's second amended employment-discrimination complaint (ECF 29) in its entirety on the ground that Doe failed to timely initiate contact with the postal service's equal employment opportunity ("EEO") counselor as required by the regulations implementing Title VII, 29 C.F.R. § 1614.105(a)(1). Because of Doe's untimely initiation of the EEO process, this action must be dismissed with prejudice.[1]

## II.   STATEMENT OF FACTS

Doe, who "identifies as a gay male," Second Am. Compl. ("SAC") ¶ 32, and "is HIV-positive," *id.* ¶ 100, is a former employee of the USPS's Allentown-Postal Road branch, who worked as a letter carrier from 2007 until his termination in 2019, *id.* ¶ 31. He claims that, during his employment, he was subjected to harassment and a hostile work environment on account of (a) his sex, gender, and/or gender stereotyping (Count II); (b) his sexual orientation (Count IV); and (c) his disability (Count VI). He also claims that he was wrongfully terminated on these bases (Counts I, III, and V).

---

[1] In dismissing Doe's first amended complaint and closing this case, the Court advised Doe that he "may seek leave to re-open this case with the filing of a Second Amended Complaint which comports with the Court's Opinion after he properly exhausts his administrative remedies." Order ¶ 7 n.1 (July 31, 2020) (ECF 28). Instead of complying with the Court's order and seeking leave to file a further amended complaint, Doe simply filed his Second Amended Complaint. Had Doe properly sought leave before filing it, the Postmaster General would have opposed Doe's request on the ground of futility for the reasons set out in this motion to dismiss.

Because the action should be dismissed with prejudice in its entirety, the Postmaster General does not anticipate engaging in discovery while this motion is pending and respectfully requests that the Court not order the parties to begin discovery while this motion is pending. If the Court requires a separate motion to stay discovery, the Postmaster General will promptly file that motion, too.

The acts allegedly constituting harassment, which Doe pleads in his Second Amendment Complaint, are the same acts pleaded in Doe's prior complaint, which are set out in detail in the Court's July 31, 2020, opinion (ECF 27). Doe does not specify the dates on which some of those alleged acts occurred, but—to the extent that they occurred in Doe's presence or were contemporaneously perceived by Doe—they all necessarily occurred on or before April 20, 2019.

On April 20, 2019, after Doe "kicked an employee in her buttocks area for no apparent reason during the morning safety talk," he was placed on emergency status and prohibited from entering any non-public areas of any postal facility. Letter re: Emergency Placement (Apr. 22, 2019), attached as Exhibit 1.[2] Then, as a result of the same conduct, on June 12, 2019, the postal service issued a Notice of Removal to Doe, notifying him "that you will be removed from the Postal Service effective July 20, 2019." Notice of Removal, at 1 (June 12, 2019), attached as Exhibit 2. Doe received the Notice of Removal on June 14, 2019. Product Tracking & Reporting, attached as Exhibit 3.[3] The Notice of Removal informed Doe that he would be "removed from the Postal Service effective July 20, 2019." Notice of Removal, at 1.[4]

Doe then initiated the grievance procedure available to him as a result of the postal union's collective bargaining agreement. *See* First Am. Compl. ("FAC," ECF 9) ¶ 89 (alleging

---

[2] Doe alleges that this incident occurred "in June 2019" and that "it took management fifty-three (53) days to issue a Notice of Removal." SAC ¶ 47. To the contrary, the Notice of Removal clearly shows that it was issued on June 12, 2019, based on an incident (factually similar to Doe's recounting of the incident in the complaint) that occurred on April 20, 2019. *See* Notice of Removal, at 1, Ex. 2.

[3] Doe's name and other identifying information are redacted from all exhibits.

[4] The chronology set out here is evident from the record of Doe's EEO and grievance proceedings, which the Court may consider in resolving a motion to dismiss. *See infra* at 6-7.

that Doe "exhausted his Collective Bargaining Agreement's . . . negotiated grievance procedure, exhausted his Step A and Step B appeals, and requested arbitration although the union denied those requests and indicated to Doe that they will not be permitting arbitration in his case").[5]

On August 2, 2019, the Step B decision issued. The dispute resolution team concluded that "management had just cause to issue the Notice of Removal on June 12, 2019," and it pushed back the effective date of removal from July 20, 2019 to August 19, 2019 "to afford [Doe] an opportunity to voluntarily resign from the Postal Service." Step B Decision, at 1 (Aug. 2, 2019), attached as Exhibit 4.[6]

Doe did not contact a postal service EEO counselor while he pursued the grievance process. Instead, he waited until September 9, 2019—eighty-seven days after he received the Notice of Removal, and fifty-one days after its effective date of July 20, 2019. During the ADR portion of the EEO process, before Doe filed his formal administrative complaint, the EEO counselor warned Doe that his EEO complaint was subject to dismissal for untimeliness. *See* EEO Alternative Dispute Resolution Specialist's Inquiry Report, at 2 and response to Question No. 11, attached as Exhibit 7.[7]

---

[5] These allegations are absent from Doe's Second Amended Complaint, presumably because Doe wishes to minimize the grievance process. Yet, Doe cannot dispute the timing of the grievance process, and if the Court converts this motion to one for summary judgment, it may rely on statements that Doe strategically chose to omit from his Second Amended Complaint. *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 173 (3d Cir. 2013) ("[A]t the summary judgment stage, a district court may consider a statement or allegation in a superseded complaint as rebuttable evidence when determining whether summary judgment is proper.").

[6] An amended Step B decision issued on September 12, 2019; it is substantively the same as the August 2, 2019 decision.

[7] Doe previously attached this document as Exhibit B to his First Amended Complaint (ECF 9).

Doe nevertheless filed a formal complaint of discrimination with the EEO on December 13, 2019. *See* EEO Complaint of Discrimination in the Postal Service, attached as Exhibit 5. He filed his original complaint in this Court on the same date, December 13, 2019, naming the Postmaster General and the USPS, itself. *See generally* Complaint, ECF 1. After these original defendants filed a motion to dismiss (ECF 8), Doe filed an amended complaint against the Postmaster General; individual defendant Qiana Reid, one of Doe's supervisors, FAC ¶ 3; and "Unknown Defendant Number 1," the person responsible for Doe's termination, *id*. ¶ 4. On July 31, 2020, the Court dismissed with prejudice all claims other than his Title VII and Rehabilitation Act claims against the Postmaster General in his official capacity. *See generally* Order (July 31, 2020) (ECF 28). The Court dismissed those claims without prejudice so that the agency could address them in the first instance, and the Court invited Doe to "seek leave" to file an amended complaint after properly exhausting administrative remedies. *Id*. ¶ 7 n.1.

Thereafter, the postal service reinstituted Doe's administrative complaint and issued its final decision, dismissing the complaint on August 10, 2020, because of untimely initial EEO contact. *See* SAC Ex. A, at 1. Doe then filed his "Second Amended Complaint" (ECF 29) on August 21, 2020, without seeking leave from the Court.

Before reaching the merits, the Court should dismiss this action, in its entirety and with prejudice, because Doe failed to initiate the EEO process as required by Title VII.[8]

### III.  STATEMENT OF THE QUESTION INVOLVED

Should this action, alleging discrimination in violation of Title VII and the Rehabilitation Act, be dismissed in its entirety pursuant to Rule 12(b)(6) in light of Doe's failure to timely

---

[8] While not asserted as a basis for dismissal, the Postmaster General notes that the docket *still* does not reflect correct service on the Postmaster General accordance with Rule 4(i)(2); the docket reflects only service on the U.S. Attorney's Office (ECF 5).

initiate the EEO process by making contact with an EEO counselor within 45 days of either (a) any alleged act of harassment, or (b) Doe's June 14, 2019, receipt of the Notice of Removal or its July 20, 2019, effective date?

*Suggested Answer: Yes*

## IV.   SUMMARY OF ARGUMENT

The Court should dismiss this action alleging violations of Title VII and the Rehabilitation Act because Doe failed to timely initiate the administrative process as required under Title VII (which also applies to his Rehabilitation Act claims). Although Doe's wrongful termination claims in Counts I, III, and V accrued when, on June 14, 2019, he received a notice of removal stating an effective date of July 20, 2019, he failed to initiate EEO contact within 45 days of (at the very latest) the effective date set out in that notice. 29 C.F.R. § 1614.105(a)(1). With respect to his hostile-work environment claims in Counts II, IV, and VI, no conduct that could support such a claim occurred within 45 days prior to his initial EEO contact because, during that period, he was no longer reporting for work at any postal service facility.

Doe cannot save his claims by asserting the doctrine of equitable tolling. To invoke the doctrine, the governing regulation, 29 C.F.R § 1614.105(a)(2), requires him to establish that he was not notified or did not otherwise know of the 45-day period for initiating EEO contact, that he did not know that the alleged harassment or wrongful termination had occurred, or "that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits." The excuses Doe offers do not fit into these categories; because cannot make any the required showing, his equitable tolling argument fails.

5

Because Doe did not make timely initial EEO contact in accordance with 29 C.F.R. § 1614.105(a)(1), and that failure cannot now be cured, his claims are forever barred, and they must be dismissed with prejudice.

## V.     ARGUMENT

Doe's allegations, together with indisputably authentic documents from the record of prior proceedings relating to Doe's termination, demonstrate that Doe's claims should be dismissed with prejudice.

### A.     Standard of review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court reviews *de novo* the agency's decision to dismiss the administrative complaint for untimely initial EEO contact. *Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002), *cited in Shenkan v. Potter*, 71 F. App'x 893, 894 (3d Cir. 2003). Although defendant presented the timeliness issue in its prior motions to dismiss (ECF 8 and 19), the Court did not analyze or decide the issue previously.

In deciding a motion to dismiss, the Court may consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Documents relating to the procedural history of Doe's claims as referenced or alluded to in Doe's complaint fall squarely within these permitted materials. *See, e.g.*, *Chang v.*

6

*Berryhill*, No. CV 18-2928, 2018 WL 5316351, at *2 (E.D. Pa. Oct. 26, 2018) (considering administrative filings, although they were not pled in the complaint, because the parties did not dispute their authenticity and the plaintiff's "present claims are based on these filings") (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *Hamiel v. Donahoe*, No. CIV.A. 14-4131, 2015 WL 2255258, at *2 (E.D. Pa. May 14, 2015) (considering notice of removal, grievance decision, and other documents from grievance and EEO proceedings because these documents are "precisely the type that courts in this Circuit have routinely considered at this stage of the proceedings in employment discrimination suits").

The Court may, in the alternative, convert the motion to one for summary judgment if it relies on evidence beyond that described above. To avoid the entry of summary judgment, the nonmoving party—*i.e.*, Doe—must identify facts in the record that would enable him to make a sufficient showing on essential elements of his case for which they have the burden of proof. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### B. Doe failed to timely initiate EEO contact and therefore failed to exhaust administrative remedies.

Doe failed to timely initiate EEO contact after the various instances of harassment that he pleads in his hostile-work-environment claims. He also failed to timely initiate EEO contact after receiving, on June 14, 2019, a Notice of Removal with an explicitly stated effective date of July 20, 2019. He therefore failed to exhaust administrative remedies and, because his untimely initiation of EEO contact cannot be remedied, this action must be dismissed with prejudice.

To exhaust administrative remedies, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

7

This requirement is in the nature of a statute of limitations. *Robinson v. Dalton*, 107 F.3d 1018, 1021-22 (3d Cir. 1997). As explained in detail below, Doe failed to comply.

> **1. Doe's wrongful termination claims must be dismissed because he did not initiate EEO contact within 45 days of the effective date of his removal which, for this purpose, cannot be extended by the grievance process.**

For purposes of evaluating compliance with statutes of limitations and administrative deadlines, "an ordinary wrongful-discharge claim accrues—and the limitations period begins to run—when the employer notifies the employee he is fired, not on the last day of his employment." *Green v. Brennan*, 136 S. Ct. 1769, 1782 (2016) (emphasis added). As the Third Circuit explained in *Wastak v. Lehigh Valley Health Network*, the claim accrues when the plaintiff learns of his termination, and not on some later date when he concludes that it may have been discriminatory. 342 F.3d 281, 287 (3d Cir. 2003) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)).

Doe received the June 12, 2019 Notice of Removal on June 14, 2019. *See* Notice of Removal, at 1, Ex. 2; Product Tracking & Reporting, Ex. 3. The Notice of Removal unambiguously states an effective date of July 20, 2019. *See* Notice of Removal, at 1 ("You are hereby notified that you will be removed from the Postal Service effective July 20, 2019."). Accordingly, Doe was required to initiate EEO contact by July 29, 2019 (45 days after Doe received the Notice of Removal) or, at the very latest, September 3, 2019 (45 days after the effective date stated in the Notice of Removal). Yet, Doe did not initiate EEO contact until after both of those dates had passed, on September 9, 2019. *See* Case Details, attached as Exhibit 6. On this basis, Doe's claims must be dismissed. *See Hamiel*, 2015 WL 2255258, at *3 (dismissing complaint for untimely initial EEO contact, and reasoning that the time to initiate EEO contact began to run when removal became fixed, notwithstanding further grievance process).

8

Doe argues that his initial EEO contact is timely based on the August 19, 2019 effective date of removal issued after—and constituent with—a "Step B Decision" rendered in the course of the union's grievance process. *See* SAC ¶ 8; Step B Decision, at 1, Ex. 4 ("The effective date of the removal shall be August 29, 2019 to afford the grievant an opportunity to voluntarily resign . . . ."). But weeks before that Step B decision pushed the date of removal back, Doe was aware both (a) that he was being removed from the postal service, and (b) of the specific effective date of July 20, 2019. Thus, in this case, Doe was required to make his initial EEO contact within 45 days of, at the latest, July 20, 2019, *i.e.*, by September 3, 2019. He failed to do so.

Doe cannot rely on *Hamiel* to postpone the date by which Doe was required to initiate EEO contact. Unlike the facts here, where the initial Notice of Removal contained a clear, specific effective date, in *Hamiel*, the notice of removal did not contain a specific effective date but provided for the removal to become effective "no sooner than 30 calendar days from [the plaintiff's] receipt of this notice." *Hamiel* 2015 WL 2255258, at *4. The Step B decision in that case was thus the first event that "firmly established the effective date of termination," and it therefore provided the "effective date" for starting the 45-day clock. *Id*. Indeed, as the *Hamiel* court recognized, *id*. at *3, the "commencement of grievance procedures pursuant to anti-discrimination provisions of the operative collective bargaining agreement" does not toll the EEO timing requirements. *Word v. Potter*, 149 F. App'x 97, 100 n.4 (3d Cir. 2005) (citing *Int'l Union of Elec., Radio & Mach. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236 (1976)).

Because the union grievance process cannot extend a previously fixed date of removal, and because Doe did not initiate EEO contact within 45 days of that fixed date of removal, Doe's wrongful termination claims in Counts I, III, and V must be dismissed.

> **2. Doe's hostile work environment claims must be dismissed because he did not initiate EEO contact within 45 days of any alleged incident of harassment.**

Doe's claims arising out of alleged harassment and a hostile work environment (Counts II, IV, and VI) are also barred for failure to initiate the EEO process within the required time period.

In order to establish a hostile work environment claim under Title VII, a plaintiff must show: "1) the employee suffered intentional discrimination because of his/her [membership in a protected class], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Kokinchak v. Postmaster Gen. of the United States*, 677 F. App'x 764, 766 (3d Cir. 2017) (quoting *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)). As the Court noted in dismissing Doe's first amended complaint, "[m]any of [the instances of discrimination Doe alleges] come from text messages from . . . a current employee with USPS who was previously employed as a letter carrier at the Allentown-Postal Road branch." Opinion (ECF 27), at 2. That is, Doe did not himself perceive the alleged discrimination while working for the postal service, and the instances of alleged discrimination thus cannot have detrimentally affected him so as to alter the conditions of his employment. *Harris v. Forklift Sys.*, 510 U.S. 17, 21-22 (1993) ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment.").

The instances of discrimination that Doe *did* perceive while working at the postal service (none of which relate to his sex, gender, or sexual orientation) all necessarily occurred more than 45 days before his initial contact with an EEO counselor on September 9, 2019. This is so because, in accordance with the Notice of Removal, Doe did not work in a postal service facility

after April 20, 2019, which was 142 days before his initial contact with an EEO counselor.[9] Doe's hostile work environment claims in Counts II, IV, and VI must therefore be dismissed.

### C. Equitable tolling does not apply to extend the 45-day period to contact an EEO counselor under the circumstances here.

Doe argues that his 45-day period to initiate contact with the EEO should be equitably tolled because (a) he did not receive the text messages on which he bases his claims until August 10, 2019, SAC ¶ 20; (b) he "was not notified of the time limits properly" and he "was not otherwise properly aware of the time limit because he was told the effective date would actually be extended to August 19, 2019," SAC ¶¶ 21, 22; and (c) despite his "due diligence," he "was prevented by circumstances beyond his control" of meeting the 45-day requirement because he "was told the effective date would actually be extended to August 19, 2019," SAC ¶ 23. Yet none of these rationales supports equitably tolling the 45-day period under the applicable regulation.

Under 29 C.F.R § 1614.105(a)(2), the 45-day period may be equitably tolled only in limited circumstances: when the plaintiff shows (1) "that he or she was not notified of the time limits and was not otherwise aware of them," (2) "that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred," (3) "that despite due diligence he or she was prevented by circumstances beyond his or her control

---

[9] *See* Letter re: Emergency Placement, Ex. 1. This letter from the USPS to Doe may be considered by the Court in resolving the motion to dismiss because the letter is undisputedly authentic. *See Shad v. Delta Air Lines, Inc.*, No. 14-5509, 2015 WL 18008696, at *5, *6 & n.3 (E.D. Pa. Apr. 20, 2015) (Dalzell, J.) (in granting motion to dismiss Title VII wrongful termination claim, considering undisputedly authentic resignation email and letter from plaintiff that undercut her claim she was terminated). In the alternative, if the Court converts the motion to dismiss to a motion for summary judgment, Doe will be unable to provide any evidence that he returned to the Allentown-Postal Road branch of the USPS, as an employee, at any time after April 20, 2019.

11

from contacting the counselor within the time limits," and (4) "for other reasons considered sufficient by the agency or the Commission."[10] It is Doe's burden to establish the applicability of equitable tolling. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005), *abrogated on other grounds by Rotkiske*, 890 F.3d 422. Yet, Doe's claimed reasons for delay do not fit into any of these categories, and he therefore cannot establish that the 45-day period should have been equitably tolled.

*First*, Doe nowhere alleges that he was unaware of the 45-day time limit for contacting an EEO counselor. Indeed, the administrative record contains a certification that the requisite information regarding the time limitations was posted at his workplace. *See* EEO Investigative Affidavit (Dec. 26, 2019), attached as Exhibit 8.[11] *McClinton v. Ala. By-Products Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984) ("If notice is properly posted and the employee does not see it or sees it but is still unaware of his rights, there will normally be no tolling of the filing period.").

*Second*, Doe does not allege that he was unaware of the alleged discriminatory matters or personnel action, but only that he lacked allegedly definitive evidence of it until he received the text messages from his former colleague. This is insufficient to meet his burden. Indeed, bolstering this conclusion, Doe acknowledged in his first amended complaint (ECF 9) that he was, in fact, aware of the alleged discrimination at the time of the allegedly discriminatory

---

[10] The common-law analysis of equitable tolling is similar; equitable tolling "may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting . . . her rights; or (3) where the plaintiff has timely asserted . . . her rights mistakenly in the wrong forum." *D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc)). For the same reasons discussed below, Doe is not entitled to equitable tolling under this analysis, either.

[11] This document, too, is a portion of the EEO's administrative record of Doe's claim.

instances and that he was at the same time aware of the alleged basis for it (his sexual orientation). *See* FAC ¶ 58 ("Doe did actually perceive at the time he was experiencing the hostility and abuse on his job that the work environment was hostile on account of sexual orientation specifically . . . . It was just that Doe thought he could not 100% prove at the time that the hostility and abuse was because Doe was gay . . . .").[12] And, once Doe received the unambiguous Notice of Removal on June 14, 2019, he knew that he was being removed from the postal service and that his removal would be effective on July 20, 2019. *See* Notice of Removal, at 1, Ex. 2.

A plaintiff cannot wait until he has direct proof or supporting evidence of discrimination before commencing EEO procedures. *See* 29 C.F.R. § 1614.105(a) ("Aggrieved persons who believe they have been discriminated against . . . . must consult a Counselor . . . ."); *Discenza v. Hill*, 221 F. App'x 109, 111 (3d Cir. 2007) (reasoning that plaintiff's "misapprehension that evidence sufficient to establish a prima facie case of discrimination was required before consulting with an EEO counselor" is "insufficient to justify equitable tolling"). Doe had to act within 45 days of the alleged harassment (for his hostile work environment claims) and within 45 days of the effective date of his termination as set out in the Notice of Removal (for his wrongful termination claims). Having failed to do so, his claims are now barred.

*Third*, despite his protestations otherwise, Doe was not, as a matter of law, prevented by circumstances beyond his control from contacting an EEO counselor within the 45-day period.

---

[12] Although Doe removed this statement from his Second Amendment Complaint, it is, presumably, a true statement that, on a motion for summary judgment, Doe would have no evidence to dispute. *W. Run Student Hous. Assocs., LLC*, 712 F.3d at 173 ("[A]t the summary judgment stage, a district court may consider a statement or allegation in a superseded complaint as rebuttable evidence when determining whether summary judgment is proper."). It is not necessary for the Court's decision on this motion to dismiss, in light of Doe's inability to meet his burden on this prong of the analysis.

13

Doe *chose* to pursue the union grievance process, and he chose *not* to contact an EEO counselor while the grievance process was pending. An employee's use of a negotiated grievance process does not toll the EEO deadlines. *See Int'l Union of Elec., Radio and Machine Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236-40 (1976) (Title VII remedies are independent from remedies under grievance process and use of the grievance process is not a basis for tolling Title VII's limitations period); *see also Jeffries v. Frank*, 778 F. Supp. 981, 984 (N.D. Ill. 1991) (plaintiff's pursuit of grievance process did not toll period within which to contact EEO counselor).

Facing a similar argument, a panel of the Tenth Circuit recently affirmed a district court's finding that there was no basis to toll the 45-day period while the plaintiff pursued the postal union grievance process after being terminated for pushing a co-worker. *Hickey v. Brennan*, No. 19-1317, 2020 WL 4723728, at *7 (10th Cir. Aug. 14, 2020). In *Hickey*, the court explained: "[The plaintiff] contacted her union representatives during the pertinent time period to initiate the union grievance process, and she presents no reason why she could not have similarly contacted the EEO counselor within the forty-five-day limit." *Id.*[13] The same is true here. Doe thus has no basis for equitably tolling the 45-day period to initiate EEO contact.

---

[13] In *Hickey*, as in *Hamiel*, the effective date of the plaintiff-employee's removal was first established as a result of the grievance process; the *Hickey* notice of removal did not contain a particular effective date but rather set the effective date by reference to the grievance process. As the district court explained: "The USPS deferred Plaintiff's removal until (1) a decision on an anticipated grievance was made at the Step B level of the National Association of Letter Carriers-USPS Joint Dispute Resolution Process, or (2) fourteen calendar days after an appeal was received at the Step B level, whichever came first." *Hickey v. Brennan*, No. 19-CV-00413-MEH, 2019 WL 9088066, at *1 (D. Colo. July 31, 2019).

## VI.     CONCLUSION

For all of the reasons set forth above, the Postmaster General respectfully requests that the Court dismiss Doe's Second Amended Complaint in its entirety, with prejudice, in light of his failure to timely initiate contact with an EEO counselor.

To the extent that Doe's claims are not dismissed in their entirety for untimely initial EEO contact, they should be dismissed for the alternative reasons set out in the government's prior motions to dismiss, including that Doe has failed to plausibly allege, in Counts II, IV, and VI, severe or pervasive discrimination that detrimentally affected him during his tenure with the postal service as is required to state a hostile work environment claim, *see* ECF 8-2, at 22-28; that Doe has failed to plausibly allege, in Counts V and VI, that he was terminated because of his alleged disability, *see* ECF 19-1, at 26-31, and ECF 21, at 10 n.8; and that punitive damages are not recoverable in a Title VII action against a federal agency, *see* ECF 19-1, at 26, and ECF 21, at 10 n.9.[14]

A proposed order is attached.

---

[14] Doe asks the Court to move this case "without any further unnecessary dismissal, or delay, in the interest of justice." SAC ¶ 26. To the extent that there has been any prior "delay" in this case, it was caused by Doe: (1) he improperly initiated his action in this Court on the same day that he filed his administrative complaint with the postal service's EEO, rather than appropriately permitting the administrative action to proceed to its conclusion in accordance with Title VII's procedures; and (2) upon learning that the action would not proceed in federal court in the first instance, he filed a first amended complaint improperly adding a *Bivens* defendant (*see* ECF 9), who was then dismissed (*see* ECF 28) after contested briefing (*see* ECF 23, 24, 25). The "interest of justice" requires Doe—like all other employees invoking Title VII—to properly and timely initiate and exhaust the administrative process.

Dated: September 4, 2020

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

s/ *Susan R. Becker* for
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

s/ *Rebecca S. Melley*
REBECCA S. MELLEY
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8328
Fax: (215) 861-8618
Email: rebecca.melley@usdoj.gov