IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 19-5885 (JFL) |
| v. | : | |
| | : | |
| LOUIS DEJOY, POSTMASTER GENERAL, | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

I. STATEMENT OF FACTS ...................................................................................................1

    A. Factual Background ................................................................................................ 1

    B. Procedural History .................................................................................................. 2

II. STATEMENT OF QUESTION INVOLVED ......................................................................4

III. SUMMARY OF ARGUMENT ............................................................................................5

IV. ARGUMENT .........................................................................................................................6

    A. To prevail on summary judgment, Doe must support his claim that he had neither actual nor constructive notice of the limitations period with evidence, not speculation or conjecture. ................................................ 6

    B. USPS provided ample notice of the limitations period to Doe. .................................. 7

        1. A plaintiff who has actual or constructive knowledge of the 45-day limitations period is bound by it. ................................................ 7

        2. Doe received notice of the limitations period during required USPS trainings that he attended. ......................................................... 8

        3. Doe received notice of the limitations period via USPS's display of Poster 72 at the Allentown-Postal Road facility. ............................ 8

            a. Poster 72 gives notice of the limitations period. .................................. 9

            b. Poster 72 was posted at the USPS facility where Doe worked. ............. 9

            c. The placement of Poster 72 was reasonably geared to inform letter carriers like Doe of the limitations period. .................... 10

        4. Other sources of information available to Doe also provided information about the limitations period. ........................................ 12

    C. To the extent claims remain against the postal service, they must be dismissed. ............................................................................................... 13

V. CONCLUSION....................................................................................................................14

In addressing the most recent motion to dismiss filed by the defendant Postmaster General in his official capacity (referred to here as "USPS"), the Court concluded that it could not resolve, on the administrative record before it, whether USPS provided sufficient notice to Doe of the 45-day limitations period applicable to Doe's Title VII and Rehabilitation Act claims. The Court thus invited, after a brief period for discovery, a motion for summary judgment on that issue. As described below, USPS has produced evidence more than "sufficient to show Doe had actual or constructive notice regarding the 45-day limitations period," Opinion, ECF 34, at 22. Doe has produced not even a scintilla of actual evidence to the contrary. For the reasons set forth below, summary judgment should be entered in favor of USPS.

**I.      STATEMENT OF FACTS**

   **A.      Factual Background**

Doe was employed by the USPS as a letter carrier from 2007 until mid-2019. Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 1. He worked at the Allentown-Postal Road facility until April 20, 2019, when he was "place[d] in an emergency, off-duty non-pay status," prior to being issued a notice of removal in June 2019. *Id.* ¶ 2; *see also generally* Memorandum of Law in Supp. of Def.'s Mot. to Dismiss, ECF 31-1, at 1-3.

During Doe's tenure with USPS, he received—on multiple occasions and in multiple formats—information about USPS's obligation to afford equal employment opportunity to all employees. *See* SUMF ¶¶ 3-4; 7-12, 14-15, 17. This information explicitly included notice of the procedures for raising complaints about alleged discrimination, including the initial 45-day limitations period for contacting an EEO counselor regarding a discrimination claim. *Id.* ¶¶ 5-6; 13, 16, 18, 19. The various forms of notice are described in detail Parts II through V of the accompanying Statement of Undisputed Material Facts.

Doe does not recall being informed of the 45-day limitations period. SUMF ¶¶ 20-21. He has not, however, produced any documents, declarations, or other evidence supporting his claim that USPS did not provide adequate notice or his "belie[f]" that the evidence produced by USPS and set out in the declarations attached to the Statement of Undisputed Material Facts is not "truthful." *Id.* ¶ 22.[1]

### B. Procedural History

Doe made initial contact with an EEO counselor regarding his claims that he was discriminated against on the basis of sex (including sexual orientation and gender stereotyping) on September 9, 2019. *See* EEO Case Details, Mot. to Dismiss Ex. 6, ECF 31-8. He then filed a formal complaint of discrimination with the EEO on December 13, 2019. *See* EEO Complaint of Discrimination in the Postal Service, Mot. to Dismiss Ex. 5, ECF 31-7. He filed a complaint in this Court on the same date, December 13, 2019, naming the Postmaster General and the USPS, itself, as defendants to both statutory and constitutional claims. *See generally* Complaint, ECF 1. After these original defendants filed a motion to dismiss, ECF 8, Doe filed a first amended complaint, ECF 9, against three defendants (the Postmaster General; one of Doe's supervisors; and "Unknown Defendant Number 1," the person allegedly responsible for Doe's termination), again asserting both statutory and constitutional claims. In response to motions to dismiss, ECF 19 and 23, the Court dismissed with prejudice all claims other than Doe's Title VII and Rehabilitation Act claims against the Postmaster General in his official capacity. *See generally*

---

[1] Despite the Court's admonition in its November 24 order, *see* ECF 36, at 2 n.3, Doe and his attorney have accused both USPS employees and the U.S. Attorney's Office of "not being truthful." Pl.'s Resp. to Request for Production No. 1, SUMF Ex. 3. These accusations (which plaintiff's counsel also made in email correspondence with the undersigned) are false and offensive.

Order, ECF 28 (July 31, 2020). The Court dismissed those claims without prejudice so that the agency could address them in the first instance. *Id.* ¶ 7 n.1.

USPS reinstituted Doe's EEO complaint and issued its final decision, dismissing the complaint because of untimely initial EEO contact. *See* Dismissal of Formal EEO Complaint (Aug. 10, 2020), Second Am. Compl. Ex. A, ECF 30. Doe then filed a Second Amended Complaint against the Postmaster General, ECF 29,[2] which the government moved to dismiss on the ground that Doe failed to timely initiate the EEO process. *See* ECF 31.

On November 4, 2020, the Court issued an opinion and order on USPS's motion to dismiss the Second Amended Complaint. *See* ECF 34 and 35. The Court agreed that Doe had initiated his discrimination claims after the applicable 45-day limitations period had passed. *See* ECF 34, at 12. The Court largely rejected Doe's arguments for enlarging the limitations period, with a single exception: the issue of whether Doe had "actual or constructive notice of the 45-day limitations period" for initiating EEO claims. *Id.* at 22. The issue of notice was reserved only because neither the "Investigative Affidavit" in the administrative record (ECF 31-10), nor any other information before the Court on the motion to dismiss, demonstrated to the Court's satisfaction that the EEO poster displayed at the Allentown-Postal Road postal facility during Doe's employment there ("Poster 72") was "reasonably geared" toward informing letter carriers, like Doe, of the 45-day limitations period for initiating EEO claims. *Id.* If a more robust affidavit or additional documentation—including details about the content of Poster 72 and its location within the Allentown-Postal Road facility—had been included in the administrative record in this case, it appears that the notice issue would have been resolved on the prior motion, without

---

[2] The government understands the sole defendant to be the Postmaster General, in his official capacity, in accordance with 42 U.S.C. § 2000e-16(c). *See* Part IV.C, *infra*.

3

further discovery. *See generally id.* at 21-22. In the absence of that additional information in the administrative record, a single question remains open: whether "USPS is capable of producing evidence sufficient to show that Doe had actual or constructive notice of the limitations period." *Id.* at 22.

The Court ordered a 30-day period for "discovery solely as to the issue of Doe's actual or constructive notice of the existence of the relevant 45-day limitations period as set forth in 29 C.F.R. § 1614.105(a)(1)." ECF 35, ¶ 2. Thereafter, USPS produced to Doe all documents and factual information that it intended to rely on for summary judgment, and Doe produced to USPS responses to USPS's document requests and interrogatories.[3] Because Doe has not produced even a scintilla of evidence from which a reasonable jury could conclude that Doe lacked constructive notice of the 45-day limitations period, USPS now brings this motion for summary judgment on the sole issue remaining undecided after its motion to dismiss.

## II. STATEMENT OF QUESTION INVOLVED

This motion for summary judgment raises a single issue: whether "Doe had actual or constructive notice of" the 45-day limitations period for initiating EEO contact, as required by 29 C.F.R. § 1614.105(a)(1). *See* Opinion, ECF 34, at 21-23; Order, ECF 35. USPS suggests that the answer is yes. As set forth in this Motion, Doe received notice of the limitations period, including via trainings that he attended and an EEO poster, displayed at the postal facility where

---

[3] Doe sought depositions of USPS witnesses, including a corporate designee. On November 24, 2020, the Court quashed his deposition notices, finding "that depositions are not necessary to elicit the limited information the Court needs to decide the single issue before it." ECF 35, at 1 n.2. Because USPS "plan[ned] to produce all documents and factual information on which it will rely to establish that Doe had actual or constructive notice," the Court reasoned that "requir[ing] the parties to engage in depositions would not be proportional to the needs of the case in its current posture." *Id.* Doe did not serve discovery requests other than the deposition notices.

4

he worked, that was reasonably geared to notify letter carriers like Doe of the limitations period. Given this evidence, and "in light of the previous findings and conclusions contained in [the Court's November 4] Opinion," Doe's Second Amended Complaint must be dismissed for failure to timely exhaust his administrative remedies.

### III. SUMMARY OF ARGUMENT

The 45-day limitations period of 29 C.F.R. § 1614.105(a)(1) may be extended if a plaintiff had neither actual nor constructive notice of the limitations period. Constructive notice is found when "notification of the time requirements was provided" in a manner that was "reasonably geared to inform the complainant of the time limits." *Johnson v. Runyon*, 47 F.3d 911, 918 (7th Cir.1995) (quoting *Myles v. Schlesinger*, 436 F. Supp. 8, 18 (E.D. Pa. 1976)); *see also Hatcher v. Potter*, No. 04-2130, 2005 WL 3348864, at *4 (E.D. Pa. Dec. 7, 2005), *aff'd*, 196 F. App'x 120 (3d Cir. 2006). The standard for constructive notice is met here.

*First*, on at least two occasions in the years just prior to Doe's removal from his USPS employment (in August 2016 and June 2018), he received USPS's "No FEAR Act" training, which included explicit information about the limitations period. SUMF ¶¶ 3-5. *Second*, during at least the period from early 2016 through Doe's removal, Poster 72, which prominently and explicitly provided notice of the limitations period, was displayed on the employee bulletin board at the facility where Doe worked, just inside the employee entrance to the facility and next to the employee break room. *Id.* ¶ 7-16. *Third*, other sources of information—identified during the No FEAR Act trainings and available to employees online—also described the limitations period. *Id.* ¶¶ 6, 17-19.

While Doe claims that he does not recall being informed of the limitations period at USPS trainings or seeing any poster identifying the limitations period (*i.e.*, that he had no actual notice), he has produced not even a scintilla of evidence to create a genuine dispute of material

5

fact regarding constructive notice (but instead relies on bare assertions that USPS's declarations are not truthful). The Court should enter summary judgment in favor of USPS.

IV.   **ARGUMENT**

    **A.**   **To prevail on summary judgment, Doe must support his claim that he had neither actual nor constructive notice of the limitations period with evidence, not speculation or conjecture.**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to withstand summary judgment, the non-moving party—in this case, Doe— must then show a genuine dispute of material fact by "citing to particular parts of materials in the record, including . . . documents, . . . , affidavits or declarations, . . . , or other materials." Fed. R. Civ. P. 56(c)(1)(A). A dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Although a court should draw all reasonable inferences in favor of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the non-moving party "may not rest upon mere allegations, general denials or … vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). Indeed, the non-moving party must support his claim by more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252.

An inference by the nonmoving party "based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). *See, e.g., Ekhato v. Rite Aid Corp.*, 529 F. App'x 152, 156 (3d Cir. 2013) (nonmovant's "subjective belief" insufficient to avoid

6

summary judgment); *Walsh v. Krantz*, 386 F. App'x 334, 338 (3d Cir. 2010) ("[a] plaintiff cannot avoid summary judgment with speculation; he must provide competent evidence from which a rational trier of fact can find in his favor"); *Tziatzios v. United States*, 164 F.R.D. 410, 412 (E.D. Pa. 1996) (nonmovant's affidavit based "on information and belief " insufficient to create a genuine dispute for trial).

      **B.**      **USPS provided ample notice of the limitations period to Doe.**

           **1.**  **Notice may be actual or constructive.**

The 45-day initial limitations period applicable to Title VII and Rehabilitation Act claims is set out in 29 C.F.R. § 1614.105(a)(1):

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

The limitations period will be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." *Id.* § 1614.105(a)(2).

Lack of actual notice, however, is not sufficient to warrant an extension of the limitations period. *Johnson*, 47 F.3d at 918 ("[S]ubjective ignorance alone does not automatically entitle [the plaintiff] to the exception in 29 C.F.R. § 1614.105(a)(2)."). Constructive notice is found—and the plaintiff is held to the 45-day limitations period—when the following criteria are met: (1) "notification of the time requirements was provided," for example by displaying posters including information about the limitations period, and (2) the placement of the posters was "reasonably geared to inform the complainant of the time limits." *Id.*; *see also Hatcher*, 2005

WL 3348864, at *4 (relying on *Johnson* and finding constructive notice of the limitations period).[4] That is, even if Doe lacked actual knowledge of the limitations period, as he claims, he had constructive notice of it and is therefore bound by it, as demonstrated below.

### 2. Doe received notice of the limitations period during required USPS trainings that he attended.

The No FEAR Act, P.L. 107-174, 116 Stat. 566, requires each federal agency to provide notice—including written notice and training—to its employees to inform them of the rights and protections available to them under federal antidiscrimination and whistleblower protection laws. *Id.* § 202. Doe attended No FEAR Act trainings in at least August 2016 and June 2018. SUMF ¶ 3. These No FEAR Act trainings included information about how to file a discrimination complaint, including information about the 45-day limitations period. *Id.* ¶ 5. Doe does not recall being informed of the 45-day limitations period at No FEAR Act trainings. *Id.* ¶ 20. However, in response to USPS's interrogatory asking for the factual basis for any allegation that he did not attend USPS trainings informing him of the 45-day limitations period, Doe did not dispute that he attended the trainings described above. Pl.s' Resp. to Interrog. No. 5, SUMF Ex. 4. Doe received notice of the limitations period, and he should be bound by it.

### 3. Doe received notice of the limitations period via USPS's display of Poster 72 at the Allentown-Postal Road facility.

In addition to receiving actual notice of the 45-day limitations period during No FEAR Act trainings, Doe also received constructive notice of the limitations period via USPS's posting of the requisite EEO poster—Poster 72—at the facility where he worked. Poster 72, as posted at

---

[4] As the Court noted in its opinion on the motion to dismiss, "[t]he Third Circuit found no issue with" the Eastern District of Pennsylvania's "adoption of the Seventh Circuit's standard for determining constructive notice." ECF 34, at 22 n.22.

8

the facility, was reasonably geared to informing letter carriers like Doe of the 45-day limitations period, as described below.

### a. Poster 72 gives notice of the limitations period.

Poster 72 clearly and explicitly gives notice of the 45-day limitations period. SUMF ¶¶ 13, 16; *see also* Yaglowski Decl. Ex. 2 (Poster 72 as displayed on the employee bulletin board at the Allentown-Postal Road facility); Yaglowski Decl. Ex. 5 (letter attaching Poster 72 as distributed for posting in November 2018); Yaglowski Decl. Ex. 7 (Poster 72 as of March 2012). Under the heading "When," Poster 72 explains:

> **When** You must bring individual and class action complaints to the attention of the EEO office by requesting counseling within 45 calendar days of the date of the alleged discriminatory act; within 45 calendar days of the date you knew or reasonably should have known about the discrimination; or if a personnel action is involved, within 45 calendar days of its effective date. If you bring an individual complaint and later believe that your case has class-action implications, you may move for class certification at any reasonable point during the processing of your original complaint.

SUMF ¶ 13.

Doe does not appear to dispute that Poster 72 gives notice of the limitations period. *See generally* Pl.'s Resp. to Interrog. Nos. 1-2, SUMF Ex. 4. Poster 72 "specifically state[s], among other important information on how to file an EEO complaint, that a claimant ha[s] forty-five days to contact an EEO counselor." *Hatcher*, 2005 WL 3348864, at *5. It is therefore sufficient to provide constructive notice. *Id.*

### b. Poster 72 was posted at the USPS facility where Doe worked.

Since at least early 2016, Poster 72 has been displayed on the employee bulletin board (known as the "Permanent Postings" bulletin board) at the Allentown-Postal Road facility. SUMF ¶¶ 8-9, 14-15. The current (November 2018) version of Poster 72 has been posted at the facility since November 2018, when it was distributed with the direction that it replace the prior

9

version. *Id.* ¶ 14.[5] Before November 2018, the March 2012 version of the poster was displayed. *Id.* ¶ 15.[6]

Doe does not recall seeing Poster 72 displayed as described. *Id.* ¶ 21. That, however, does not create a genuine dispute of material fact regarding constructive notice and so is insufficient to deny summary judgment. *Johnson*, 47 F.3d at 918 ("subjective ignorance" is insufficient to extend the 45-day period). Likewise, Doe's bare allegations that "USPS employees are not being truthful," *e.g.*, Pl.'s Resp. to Interrog. No. 3, SUMF Ex. 4, are insufficient, for they are nothing more than speculation and conjecture. *See Christie v. Nat'l Inst. for Newman Studies*, No. 16-6572, 2019 WL 1916204, at *13 (D.N.J. Apr. 30, 2019) ("To defeat summary judgment, [p]laintiff cannot simply assert that testimony is false, without providing some evidence to challenge its veracity.").

### c. The placement of Poster 72 was reasonably geared to inform letter carriers like Doe of the limitations period.

Since at least early 2016, Poster 72 has been displayed, as required, on the employee bulletin board at the Allentown-Postal Road facility. SUMF ¶ 8. The employee bulletin board (known at the facility as the "Permanent Postings" bulletin board) is located just inside the employee entrance to the facility, next to the employee break room. *Id.* ¶¶ 8, 10. The following photographs show the employee entrance and bulletin board where Poster 72 is displayed:

---

[5] Dana Yaglowski, a current supervisor at the Allentown-Postal Road facility, confirmed that Poster 72 has been displayed as required. In addition, her declaration attaches the November 2018 certification of the then-postmaster for Allentown that the revised poster "has been distributed and visibly posted in all the lobbies (where applicable) and employee bulletin boards of all postal facilities within my [a]rea." Yaglowski Decl. Ex. 6.

[6] In November 2018, Poster 72 was "revised due to the implementation of the online eFile System"; the revisions to the poster "describe[d] the primary and alternative process to initiate Equal Employment Opportunity (EEO) Counseling." Letter from Eloise Lance, Manager, National EEO Compliance & Appeals, USPS (Nov. 13, 2018), Yaglowski Decl. Ex. 5.





*Id.* ¶¶ 9-11.

    Information hung on the employee bulletin board is accessible to all employees at the facility, and employees walk past the bulletin board each time they enter or exit the facility. *Id.* ¶ 12. Letter carriers, in particular, regularly pass by the bulletin board as they come in and out of the employee area of the facility where they work. *Id.* Doe does not dispute these facts regarding

11

the location and accessibility of the employee bulletin board. *See* Pl.'s Resp. to Interrog. No. 4, SUMF Ex. 4.

Poster 72, as displayed at the Allentown-Postal Road facility since at least early 2016, is thus reasonably geared to informing letter carriers, like Doe, of the period in which they must initiate EEO contact in order to pursue discrimination claims. That is, Poster 72 was "displayed in [an area] where postal employees, including [p]laintiff, worked and by which they regularly passed." 2005 WL 3348864, at *5. The poster thus passes the "'reasonably geared' threshold," and Doe is bound by the 45-day limitations period. *See id.*

### 4. Other sources of information available to Doe also provided information about the limitations period.

In addition to No FEAR Act trainings and Poster 72, other sources of information about the 45-day limitations period were available to Doe. For example, Section 666.22 of the USPS Employee and Labor Relations Manual, a resource for postal employees, provides:

> **Equal Employment Opportunity Complaint Procedures**
> Any employee or applicant may file a complaint alleging discrimination based on race, color, religion, sex, age (40+), national origin, disability, or alleging reprisal based on protected EEO activity within 45 days of the event believed to be discriminatory. For details, see Publication 133, *What You Need to Know About EEO.*

SUMF ¶¶ 17-18. The same text, within the same section, has been included in all ELM versions back through at least March 2016. *Id.* ¶ 18.

The November 2018 version of USPS Publication 133, referenced in Section 666.22 of the ELM and the No FEAR Act trainings, also provides information about the 45-day limitations period. SUMF ¶ 19. It explains:

> To begin the precomplaint process, you must contact the Postal Service Equal Employment Opportunity Office . . . within 45 calendar days of the alleged discriminatory action, or in the case of a personnel action, within 45 calendar days of the effective date of the action. See 29 CFR 1614.105. A written request to initiate the

12

> precomplaint process will be considered timely if it is postmarked within 45 calendar days of the alleged discriminatory action, or in the case of a personnel action, within 45 calendar days of the effective date of the action.

*Id.*

\*     \*     \*

USPS provided Doe with multiple sources of information about the 45-day limitations period. Based on his interrogatory responses, Doe disputes only that Poster 72 was displayed as described on the employee bulletin board at the Allentown-Postal Road facility. Yet, this dispute is based on only his speculation and unsupported belief. There is no genuine dispute of material fact; Doe had constructive notice of the limitations period.

### C. To the extent claims remain against the postal service, they must be dismissed.

It appears to the government that only one defendant, the Postmaster General, in his official capacity, is currently a party to this action. *See* Second Am. Compl. ("SAC") ¶ 2 (identifying, under "Parties" heading, only plaintiff and defendant DeJoy, the current Postmaster of the United States Postal Service ("USPS")). To the extent, however, that Doe's Second Amended Complaint pleads any claims against USPS, the agency,[7] those claims must be dismissed for the reasons set out above and for an additional reason. Title VII is clear that the head of the agency—*i.e.*, the Postmaster General—is the only proper defendant to Title VII and Rehabilitation Act claims. 42 U.S.C. § 2000e-16(c) ("[T]he head of the department, agency, or unit, as appropriate, shall be the defendant.").

---

[7] *See, e.g.*, Opinion, ECF 34, at 1 (including both the Postmaster General and the postal service as defendants in the caption); Order, ECF 35 (same); Order, ECF 36 (same)

13

## V. CONCLUSION

In denying USPS's motion to dismiss, the Court left open the question whether "USPS is capable of producing evidence sufficient to show that Doe had actual or constructive notice of the limitations period." Opinion, ECF 34, at 22. The evidence described above shows that it is. USPS provided notice to Doe in the form of, at least, No FEAR Act trainings that he attended in 2016 and 2018, and Poster 72, displayed on the employee bulletin board in a location passed by letter carriers each workday. Doe has produced no evidence—not even a scintilla—to the contrary; instead, he relies on speculation and conjecture about the veracity of USPS's declarations, which is insufficient for his claims to survive summary judgment. Thus, "in light of the previous findings and conclusions contained in [the Court's November 4 opinion, ECF 34]," Doe's claims must "be dismissed for failure to timely exhaust his administrative remedies." *Id.* Summary judgment should be entered in favor of USPS.

        Respectfully submitted,

        WILLIAM M. McSWAIN
        United States Attorney

        */s Susan R. Becker for*
        GREGORY B. DAVID
        Assistant United States Attorney
        Chief, Civil Division

        */s Rebecca S. Melley*
        REBECCA S. MELLEY
        Assistant United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106
        Tel: (215) 861-8328
        Fax: (215) 861-8618
        Email:  rebecca.melley@usdoj.gov

Dated: December 23, 2020